RICHARD, Appellant,

v.

RICE, Appellee.

[Cite as *Richard v. Rice* (1993), 91 Ohio App.3d 199.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 65065.

Decided Oct. 18, 1993.

*Donald L. Richard, Sr., pro se.*

*Stephanie Tubbs–Jones,* Cuyahoga County Prosecutor, and *Timothy J. Kollin,* Assistant Prosecuting Attorney, for appellee.

*Per Curiam.*

This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the Cuyahoga County Court of Common Pleas, the briefs and the oral arguments of counsel.

On June 14, 1991, *pro se* plaintiff-appellant Donald L. Richard, Sr. (hereinafter "appellant") brought this action for malicious prosecution against Assistant Cuyahoga County Prosecutor Clark Rice. Appellant alleged that Rice knowingly allowed two witnesses to perjure themselves in connection with the criminal prosecution brought against him for the alleged felonious assault of Donnie Garner.[1] The trial court granted Rice's motion to dismiss the complaint on the basis of absolute prosecutorial immunity. For reasons which follow, we affirm the judgment of the trial court.

## ASSIGNMENT OF ERROR NO. I

"The trial court erred and/or abused its discretion when subsequent to denying the appellee's motion to dismiss (based upon immunity) the court vacated the order and improperly granted the appellee's motion to dismiss where the appellee was sued in his individual capacity as is expressly set forth in the complaint at 5, thus the instant action was brought in the appellee's personal capacity."

---

1. The record on appeal does not contain a transcript or agreed statement of the witness testimony alleged to be false as is required by App.R. 9.

In *Imbler v. Pachtman* (1974), 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128, the Supreme Court held that a prosecutor enjoys absolute immunity against suit for actions which are performed pursuant to his or her function as advocate for the state. Actions falling within the scope of the so-called advocacy function are defined as those "intimately associated with the judicial phase of the criminal process[.]" *Id.* at 430, 96 S.Ct. at 995, 47 L.Ed.2d at 143; *Willitzer v. McCloud* (1983), 6 Ohio St.3d 447, 6 OBR 489, 453 N.E.2d 693. Although the Supreme Court declined expressly to decide the question in *Imbler,* this court, relying on the Ohio Supreme Court's decision in *Willitzer, supra,* has stated that administrative and investigative functions performed by prosecutors are entitled to only qualified immunity. See *Bender v. Diemert* (Apr. 22, 1993), Cuyahoga App. No. 62206, unreported, 1993 WL 127091.

While it is not always clear whether a given action falls within the prosecutor's advocacy function, there is little doubt that the use of alleged perjured testimony does. In *Imbler,* a majority expressly held that the alleged use of perjured testimony could not defeat a claim of absolute immunity. *Imbler, supra,* at 431, 96 S.Ct. at 995–996, 47 L.Ed.2d at 144, fn. 34. Further, appellant's argument that Rice enjoys absolute immunity only in his official capacity and is amenable to suit in his individual capacity would completely defeat the policies served by the immunity doctrine. See *Imbler, supra,* at 422–423, 96 S.Ct. at 991, 47 L.Ed.2d at 139 ("The common-law immunity of a prosecutor is based upon the same considerations that underlie the common-law immunities of judges and grand jurors acting within the scope of their duties. These include concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust."). This court expressly declines to adopt such an anomalous interpretation of the doctrine of absolute immunity.

Based on the foregoing, we conclude that the motion to dismiss filed by Rice was properly granted by the trial court.

Appellant's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

"The trial court abused its discretion by dismissing the action without allowing the parties to conclude discovery proceedings and where appellant had pending (interrogatories, request for production of documents and request for admissions)."

In light of our determination that the trial court was correct in dismissing appellant's complaint on the basis of absolute prosecutorial immunity, appellant's second assignment of error is moot.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

PATTON, P.J., NUGENT and ANN McMANAMON, JJ., concur.

ANN McMANAMON, J., retired, of the Eighth Appellate District, sitting by assignment.