CARLTON, Appellant,

v.

DAVISSON et al., Appellees.

[Cite as *Carlton v. Davisson* (1995), 104 Ohio App.3d 636.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–94–094.

Decided June 16, 1995

638

640

*Robert A. Woodley* and *Walter J. Skotynsky,* for appellant.

*Alan R. Mayberry,* Wood County Prosecuting Attorney, and *Raymond C. Fischer,* Assistant Prosecuting Attorney, for appellees.

---

MELVIN L. RESNICK, Judge.

This case is before the court on appeal from a judgment of the Wood County Court of Common Pleas which granted the summary judgment motions of defendants-appellees, George William Davisson (in his individual capacity and as a Wood County Deputy Sheriff), the Wood County Sheriff's Department and the Wood County Prosecutor's Office. Plaintiff-appellant, Franz O. Carlton, asserts the following assignments of error:

"I. The trial court abused its discretion in granting the motions for summary judgment filed by appellees as there are genuine issues of material fact on which reasonable minds differ, thereby precluding the granting of summary judgment as a matter of law.

"II. The trial court abused its discretion in granting the motions for summary judgment filed by appellees as to the issue of immunity, as there are genuine issues of material fact on which reasonable minds could differ thereby precluding the granting of summary judgment as a matter of law.

"III. The trial court erred in failing to strike the affidavits of the defendants, and in utilizing said affidavits in support of its decision.

"IV. The trial court erred in refusing to grant appellant time to complete discovery, and in striking the deposition of Deputy Davission [*sic*] and the affidavit of James Van Dielen."

The undisputed facts giving rise to the present action are as follows.

On April 24, 1991, Deputy Davisson investigated a report of trespass on real property located in North Baltimore, Wood County, Ohio. During his investigation, he discovered an unattended Honda Spree scooter or moped without any license plates. Upon running a computer search of the vehicle identification number on the moped, Deputy Davisson learned that the vehicle was reported stolen in 1987 by its owner, Roger G. Fox, a resident of Lincoln Park, Michigan.

Appellant's son appeared at the scene during the deputy's investigation and informed Davisson that appellant was the alleged owner of the moped. When subsequently questioned by Deputy Davisson, appellant also claimed ownership of the vehicle. Appellant stated that he had purchased the moped from a John Lint. However, appellant could not produce a title, registration, license plate or any other evidence of his ownership of the moped. As a result, appellant was charged with a violation of R.C. 2913.51, receiving or retaining stolen property.

At a preliminary hearing, the Honorable James W. Bachman found that probable cause existed to prosecute appellant on a charge of receiving stolen property and bound the case over to the grand jury. On August 22, 1991, the Wood County Grand Jury found that probable cause existed to prosecute appellant and indicted him on a charge of receiving or retaining stolen property.

On January 17, 1992, Gary D. Bishop, the assistant prosecuting attorney assigned to the criminal case, filed a motion for a continuance of the January 22, 1992 trial date. When this motion was denied, Bishop dismissed the charge. It was refiled and, once again, on February 6, 1992, the Wood County Grand Jury found that probable cause existed to prosecute appellant and indicted him on the charge of receiving or retaining stolen property. The charges were later dismissed because Fox, the titled owner of the moped, refused to travel to Wood County, Ohio from his new residence in Tennessee for the purpose of testifying in the criminal case against appellant.

The parties and the trial court agree that appellant first filed suit against appellees in 1992. The Wood County Commissioners were a named defendant in that suit. In December 1993, appellant dismissed, with prejudice, his case against the Wood County Commissioners. He also filed a voluntary dismissal, without prejudice, of his claims against all other defendants.[1]

Appellant instituted the present case on February 4, 1994. The complaint set forth eight claims based on the criminal proceedings of 1991. The first count consisted of a malicious prosecution claim against all of the named defendants. The second claim requested punitive damages flowing from the malicious prosecution.

Appellant's third count contended that appellees "caused notice of the criminal prosecution(s)" instituted against appellant to be published in the local newspaper and that these "libelous" statements caused damage to appellant. Counts Four

---

1. In its decision and judgment entry granting appellees' motions for summary judgment, the trial court notes that extensive discovery was conducted in the dismissed case and that it orally granted appellees' motions for summary judgment. Nevertheless, appellant voluntarily dismissed the first action prior to the entry of judgment on the motions for summary judgment.

and Five asserted that the defendants spoke and published the following "false, scandalous and malicious" statements to the Wood County Grand Jury on respectively February 6, 1992 and August 22, 1991:[2]

"Franz Carlton did receive the property of Roger Fox; to wit: a Honda Spree Moped, knowing and having reasonable cause to believe that the property was stolen."

Count Seven requested punitive damages resulting from the alleged defamation.

The sixth count of the complaint asserted that appellees violated appellant's civil rights as provided in the Constitution of the United States and Section 1983, Title 42, U.S.Code. Count Eight maintained that the actions of appellees "amounted to negligent and intentional infliction of emotional and mental stress" to appellant.

On March 4, 1994, the Wood County Prosecutor's Office ("prosecutor") filed a motion for summary judgment. It urged that its participation in the criminal proceedings against appellant was limited to the initiation and prosecution of judicial proceedings. Therefore, the prosecutor asserted that it was entitled to absolute immunity from suit. The motion was supported by the affidavits of Gary D. Bishop and Gene V. Tiell, the Wood County assistant prosecuting attorneys who were involved in the criminal proceedings against appellant.

On March 15, 1994, appellant filed a partial memorandum in opposition to the prosecutor's motion for summary judgment. Appellant argued that a question of fact existed as to whether the prosecutor engaged in investigative activities during the course of the criminal proceedings.[3] Therefore, appellant contended that the prosecutor was entitled only to a qualified immunity. To support his memorandum in opposition, appellant attached unsworn, uncertified and unnumbered portions of the depositions of Bishop and Tiell taken in the dismissed action.

On March 15, 1994, Deputy Davisson and the Wood County Sheriff's Department filed a motion for summary judgment. They asserted that no question of fact existed on the issues of whether (1) appellant offered any facts to establish his claim of malicious prosecution; (2) appellant failed to state a claim for which relief could be granted under a theory of either intentional or negligent infliction

---

**2.** Appellant's complaint asserts that the defamatory remarks were made before the grand jury on August 22, 1992. There is no evidence in the record of any such proceedings. We therefore assume that Count Five contains a typographical error.

**3.** Appellant incorporated arguments from his memorandum in opposition to the prosecutor's motion for summary judgment which were filed in the voluntarily dismissed suit. However, that memorandum is not part of the record in the instant case.

of emotional distress; (3) appellant failed to state a claim for which relief could be granted for libel; (4) Deputy Davisson and the Wood County Sheriff's Department were afforded the privilege of absolute immunity from defamation claims for statements made in Wood County Grand Jury proceedings; (5) the Wood County Sheriff's Department was absolutely immune from suit for alleged civil rights violations under Section 1983, Title 42, U.S.Code; (6) Davisson was entitled to either absolute or qualified immunity from suit for alleged civil rights violations under Section 1983; and (7) the deputy and the sheriff's department were entitled to sovereign immunity under R.C. Chapter 2744, the Political Subdivision Tort Liability Act.

Deputy Davisson and the Wood County Sheriff's Department supported their motion for summary judgment with the affidavits of Davisson, Tiell and Bishop. Certain documents, including a police report and the grand jury indictments, were attached and incorporated into the affidavits. The affidavit of Roger Fox was later filed with a reply brief.

Appellant filed a partial memorandum in opposition in which he challenged the validity of the materials offered in support of the Davisson/Wood County Sheriff's Department's motion for summary judgment. Appellant insisted that most of the materials offered were hearsay or provided impermissible legal conclusions and asked the trial court to strike those affidavits and exhibits. In a subsequent partial memorandum in opposition, filed March 24, 1994, appellant argued the merits of the Davisson/Wood County Sheriff's Department's motion for summary judgment. He relied on an unsworn, uncertified, partial transcript of the preliminary hearing in the criminal proceedings against him, earlier (fall 1993) depositions of Davisson, Tiell and Bishop (this last deposition is not in the record of this case and is not listed as being filed) and his own affidavit.

While appellant later requested that certain transcripts and documents be transferred from his previously dismissed civil case to the present case, he never effected that transfer.

Over the next few months, appellant attempted to obtain new depositions from Bishop, Tiell and Davisson. All three witnesses filed a motion for a protective order. On April 25, 1994, the trial court granted the motions of Bishop and Tiell for the protective order but denied Davisson's motion. In the same entry, the court denied appellants' motion for an extension of time in order to engage in further discovery and appellant's motion to strike the affidavits and other materials filed in support of the motions for summary judgment. In addition, the common pleas court set May 12, 1994 as the "non-oral" hearing date on both motions for summary judgment.

Appellant filed a response to the motions for summary judgment, the deposition of Deputy Davisson (taken on May 17, 1994) on June 14, 1994 and the

affidavit of James Van Dielen, a former Toledo police officer, on July 25, 1994. Davisson and the Wood County Sheriff's Department filed a motion to strike all three of these documents as not being timely filed. They also attacked the affidavit of Van Dielen as being inadmissible.

On August 15, 1994, the trial court granted appellees' motions for summary judgment on all claims asserted by appellant. In reaching its decision, the court did not consider the defense of sovereign immunity. Rather, the lower court found that appellant failed to offer any evidence to create a question of fact on the essential elements of his claims of malicious prosecution, defamation, civil rights violations and intentional infliction of emotional distress. The court also determined that absolute immunity precluded appellant from pursuing his claims. The derivative punitive damages claims were also dismissed. Although the trial court did not expressly address the claim for negligent infliction of emotional distress, it did, however, dismiss appellant's entire complaint. Finally, the court granted the motion to strike the response and deposition filed by appellant on June 14, 1994, and the affidavit filed by appellant on July 25, 1994.

In the case before us, appellant's third and fourth assignments of error address the evidence considered or not considered by the trial court in reaching its decision and shall, therefore, be considered first.

In his third assignment of error, appellant argues that the trial court erred in denying his motion to strike the affidavits of Davisson, Tiell and Bishop and the exhibits filed with those affidavits. He argues that the affiants lacked the personal knowledge to make some of the statements in their affidavits and/or that some of their statements and exhibits are impermissible hearsay. The remainder of appellant's argument is devoted to a discussion of the absence of any admissible evidence of "probable cause" at every stage of the proceedings below. This discussion is not relevant to our consideration of the third assignment of error, as set forth by appellant, and will, therefore, be disregarded.

■ Civ.R. 56(E) provides that "[s]upporting and opposing affidavits shall be based on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." "Personal knowledge" is defined as "knowledge of the truth in regard to a particular fact or allegation, which is original, and does not depend on information or hearsay." *Brannon v. Rinzler* (1991), 77 Ohio App.3d 749, 756, 603 N.E.2d 1049, 1054.

■ Under Civ.R. 56(C), only the pleadings, answers to written interrogatories, depositions, affidavits, transcript of evidence in the pending case and written stipulations of fact may be filed as supporting evidentiary materials on a motion for summary judgment. Where the copy of a document falls outside the rule, the

correct method for introducing it is to incorporate them by reference into a properly framed affidavit. *Martin v. Cent. Ohio Transit Auth.* (1990), 70 Ohio App.3d 83, 89, 590 N.E.2d 411, 415; *Biskupich v. Westbay Manor Nursing Home* (1986), 33 Ohio App.3d 220, 222, 515 N.E.2d 632, 634. Thus, Civ.R. 56(E) also states that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."

■ In the present case, the affidavits of both Tiell and Bishop are based upon their personal knowledge as the Wood County assistant prosecutors who prosecuted the criminal charge against appellant and were present at, respectively, the preliminary hearing and grand jury proceedings. Bishop's affidavit states that "true and accurate" copies of the indictments are attached to his affidavit as exhibits and that "true and accurate" copies of appellant's "Motion to Dismiss Criminal Charges" and the court's order on this motion are also attached as exhibits. This is sufficient to authenticate these documents on a motion for summary judgment. The trial court did not err in denying appellant's motion to strike these supporting materials.

Appellant singles out several paragraphs of Deputy Davisson's affidavit as being made without personal knowledge, based on hearsay or containing impermissible legal conclusions. He also contends that the exhibits attached to the affidavit were not properly authenticated and contain hearsay.

■ However, we find that even assuming that portions of Davisson's affidavit and exhibits should have been stricken, error, if any, committed by the trial court was not prejudicial to appellant. That is, those portions of Davisson's affidavit which are clearly based upon personal knowledge, when coupled with the other facts provided, especially the affidavit of Roger Fox, were sufficient to support the bases delineated for summary judgment.

Accordingly, appellant's third assignment of error is found not well taken.

In his fourth assignment of error, appellant contends that the common pleas court erred in refusing to grant appellant an extension of time to conduct discovery. Appellant also argues that the court erred in striking the May 1994 deposition of Davisson and the affidavit of Van Dielen as being untimely.

■ After the trial court set May 12, 1994 as the date for a "non-oral" hearing on the motions for summary judgment, appellant filed a motion for an extension of time in which to obtain the depositions of Davisson, Tiell and Bishop. This motion was supported by the affidavit of Robert Woodley, counsel for appellant, who, while acknowledging the fact that many of the "facts" were already adduced in the previous depositions of these same persons, stated that depositions were necessary because the deponents were the agents and employees of the defen-

dants. Therefore, cross-examination by means of deposition was necessary. The lower court denied the motion.

Civ.R. 56(F) reads:

"Should it appear from the affidavits of a party opposing the motion for summary judgment that he cannot for sufficient reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."

The provisions of Civ.R. 56(F) are all discretionary. They are not mandatory. *Ramsey v. Edgepark, Inc.* (1990), 66 Ohio App.3d 99, 106, 583 N.E.2d 443, 448, quoting *Gates Mills Invest. Co. v. Pepper Pike* (1978), 59 Ohio App.2d 155, 169, 13 O.O.3d 191, 199, 392 N.E.2d 1316, 1325. Accordingly, absent an abuse of discretion, the trial court's denial of appellant's motion cannot be reversed. Therefore, appellant must establish that the trial court's attitude in reaching its judgment was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482–483, 450 N.E.2d 1140, 1141–1142.

■ Based upon the facts of this case, we cannot say that the common pleas court acted in an unconscionable, arbitrary or unreasonable manner in denying appellant's Civ.R. 56(F) motion.

Furthermore, the trial court did not err in striking the Davisson's May deposition or Van Dielen's affidavit.

■ Civ.R. 56(C) provides that the adverse party may file affidavits as late as one day prior to the "hearing" on the motion for summary judgment. Here, the trial court set May 12, 1994 as the "non-oral" hearing date. The disputed deposition and affidavit were filed weeks after that date. Thus, the trial court did not abuse its discretion in deciding not to consider these untimely filings. *State ex rel. Baran v. Fuerst* (1992), 65 Ohio St.3d 413, 415, 604 N.E.2d 750, 751–752.

Appellant's fourth assignment of error is found not well taken.

Appellant's first and second assignments of error challenge the trial court's grant of appellees' motions for summary judgment and shall be considered together.

■ An appellate court, in reviewing the grant of a motion for summary judgment, must follow the standard provided in Civ.R. 56(C). *Aglinsky v. Cleveland Builders Supply Co.* (1990), 68 Ohio App.3d 810, 589 N.E.2d 1365. Civ.R. 56(C) reads, in relevant part:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

█ Summary judgment is a method for promptly disposing of legal claims which have no factual foundation. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 327, 106 S.Ct. 2548, 2554–2555, 91 L.Ed.2d 265, 276. The purpose of summary judgment is not to try issues of fact, but is, rather, to determine whether triable issues of fact exist. *Fuller v. German Motor Sales, Inc.* (1988), 51 Ohio App.3d 101, 554 N.E.2d 139.

█ The party moving for summary judgment is required to "specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798, syllabus. Once the moving party sets forth specific reasons for summary judgment, the nonmoving party bears a reciprocal burden to produce evidence on any element essential to his case for which he bears the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317 at 322–323, 106 S.Ct. at 2552–2553, 91 L.Ed.2d at 273.

█ The key to the grant of a summary judgment motion is that there must be no genuine issue as to a *material* fact. Material facts are determined by substantive law. Only disputes over facts that might affect the outcome of a suit under governing law will properly preclude the grant of a motion for summary judgment. Irrelevant and unnecessary factual disputes will not be counted. *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 247–248, 106 S.Ct. 2505, 2509–2510, 91 L.Ed.2d 202, 210–212; *Perez v. Scripps–Howard Broadcasting* (1988), 35 Ohio St.3d 215, 520 N.E.2d 198. In addition, in determining whether a "genuine issue" exists, a court must inquire as to "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 at 251–252, 106 S.Ct. at 2512, 91 L.Ed.2d at 213–214; *Turner v. Turner* (1993), 67 Ohio St.3d 337, 617 N.E.2d 1123.

The central question in appellant's first and second assignments of error is whether appellant produced specific facts on the essential elements of his case establishing that a genuine issue of material fact exists for trial. We therefore turn to the substantive law governing each of appellant's legal theories.

## ABSOLUTE IMMUNITY

The prosecutor asserted, and the trial court agreed, that any actions taken by the prosecutor's office were protected by the doctrine of absolute immunity.

Prosecutors are entitled to absolute immunity when their activities are intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman* (1976), 424 U.S. 409, 430, 96 S.Ct. 984, 994–995, 47 L.Ed.2d 128, 143; *Willitzer v. McCloud* (1983), 6 Ohio St.3d 447, 449, 6 OBR 489, 490–491, 453 N.E.2d 693, 695. Absolute immunity is extended to the prosecutor's functions in initiating a prosecution and presenting the state's case; however, it is not applicable to a prosecutor engaged in investigative or administrative functions. *Willitzer, supra; Richard v. Rice* (1993), 91 Ohio App.3d 199, 201, 632 N.E.2d 525, 526.

In the case under consideration, Tiell and Bishop averred that all of their actions regarding appellant were associated with initiating and presenting the state's case. Appellant did not present specific operative facts to rebut these claims; therefore, the trial court correctly granted summary judgment in favor of the prosecutor on the basis of absolute immunity.

Furthermore, appellant failed to offer specific operative facts to create a genuine issue of material fact on any of his claims.

## MALICIOUS PROSECUTION

The tort of malicious criminal prosecution is designed to compensate a wrongly accused criminal defendant for the damages caused by the misuse of criminal actions. *Criss v. Springfield Twp.* (1990), 56 Ohio St.3d 82, 84, 564 N.E.2d 440, 442–443. In order to prevail on a claim of malicious prosecution, the plaintiff must establish three essential elements: "(1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the [criminal] defendant." *Trussell v. Gen. Motors Corp.* (1990), 53 Ohio St.3d 142, 144, 559 N.E.2d 732, 735.

The gist of an action for malicious prosecution is probable cause and malice may be inferred from the absence of probable cause. *Melanowski v. Judy* (1921), 102 Ohio St. 153, 131 N.E. 360, paragraph one of the syllabus. An indictment is *prima facie* evidence of probable cause and a plaintiff must bring

forward substantial evidence to rebut this. *Deoma v. Shaker Hts.* (1990), 68 Ohio App.3d 72, 77, 587 N.E.2d 425, 428; *Epling v. Pacific Intermountain Express Co.* (1977), 55 Ohio App.2d 59, 62, 9 O.O.3d 220, 222, 379 N.E.2d 239, 241–242; *Lynch v. Medina Police Dept.* (July 28, 1993), Medina App.No. 2179–M, unreported, 1993 WL 280451; *Bender v. Diemert* (Apr. 22, 1993), Cuyahoga App.No. 62206, unreported, 1993 WL 127091. This evidence must suggest the "indictment resulted from perjured testimony or that the grand jury proceedings were otherwise significantly irregular." *Deoma v. Shaker Hts.,* 68 Ohio App.3d at 77, 587 N.E.2d at 428.

In this case, two successive indictments were returned against appellant by the grand jury on the charge of receiving stolen property. Appellant produced no evidence tending to show that the indictments were the result of perjured testimony or that the grand jury proceedings were, in any way, irregular. His affidavit simply avers that he purchased the moped from a third party. Further, appellant's only claim of malice rests upon an alleged lack of probable cause. Therefore, he failed to produce specific operative facts to create a genuine issue of material fact on two elements of his malicious prosecution claim.

## DEFAMATION

In order to prove defamation, a plaintiff must demonstrate the following elements: " '(a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.' " *Akron–Canton Waste Oil, Inc. v. Safety–Kleen Oil Serv., Inc.* (1992) 81 Ohio.App.3d 591, 601, 611 N.E.2d 955, 962. The requisite degree of fault in an action concerning a "private figure" is ordinary negligence. *Lansdowne v. Beacon Journal Publishing Co.* (1987), 32 Ohio St.3d 176, 180, 512 N.E.2d 979, 983–984. More specifically, the plaintiff must prove by clear and convincing evidence that the defendant "failed to act reasonably in attempting to discover the truth or falsity or defamatory character of the publication." *Id.*

Appellant failed to offer any facts to support his defamation claims. Moreover, as to the libel claim in Count Three, R.C. 2317.05 states that the "fair and impartial report of the return of any indictment, the issuing of any warrant, the arrest of any person accused of crime, or the filing of any affidavit, pleading, or other document in any criminal * * * cause * * * is privileged." Thus, the "communication" which was the subject of this claim was not an unprivileged communication.

 In addition, the allegedly defamatory remarks set forth in Count Four and Five of appellant's complaint were made during the course of judicial proceedings. Any such remarks made by parties or witnesses during and relevant to judicial proceedings are absolutely immune from civil suit. *Willitzer v. McCloud* (1983), 6 Ohio St.3d 447, 448, 6 OBR 489, 489–490, 453 N.E.2d 693, 694–695. Here, the allegedly defamatory statements were made during the course of and were relevant to grand jury proceedings and were, therefore, protected by absolute immunity from civil suit.

## CIVIL RIGHTS VIOLATIONS

 To maintain a Section 1983 claim, a plaintiff must (1) identify a right secured by the United States Constitution and (2) the deprivation of that right by a person acting under color of state law. *Shirokey v. Marth* (1992), 63 Ohio St.3d 113, 585 N.E.2d 407; *1946 St. Clair Corp. v. Cleveland* (1990), 49 Ohio St.3d 33, 34, 550 N.E.2d 456, 458–459.

 While a plaintiff may seek redress against a governmental entity, *e.g.,* a county, pursuant to Section 1983, *Monell v. Dept. of Social Serv.* (1978), 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611, an additional allegation must be included in the complaint. The complainant must assert that the action complained of was due to an established practice, policy or custom of the governmental entity. *Canton v. Harris* (1989), 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412. See, also, *Taylor v. Canton Ohio Police Dept.* (N.D.Ohio 1982), 544 F.Supp. 783, 788. A plaintiff must, therefore, set forth facts showing the existence of an offending custom or policy and mere conclusory allegations are insufficient. *Sierra v. Lehigh Cty.* (E.D.Pa.1985), 617 F.Supp. 427; *Taylor, supra.*

 Disregarding the prosecutor's absolute immunity, it is undisputed that appellees were acting under the color of state law. Malicious prosecution can implicate federal constitutional rights and deprivations of those rights are actionable under Section 1983, Title 42 U.S.Code. *Pierson v. Ray* (1967), 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288. Nonetheless, appellant's complaint fails to set forth any facts which could be construed to demonstrate that the Wood County Sheriff's Department, Davisson or the prosecutor or its agents, in their official capacity, were acting pursuant to a custom or policy of their respective governmental agencies. Thus, the complaint in this case fails to set forth operative facts sufficient to state a cause of action upon which relief can be granted.

 Moreover, even though appellant also sued Davisson in his individual capacity, he failed to offer any facts to create a genuine issue of material fact on

the issue of lack of probable cause. Therefore, his claim against Davisson for alleged civil rights violations must also fail.

## INTENTIONAL AND NEGLIGENT INFLICTION
## OF EMOTIONAL DISTRESS

 A claim for intentional infliction of serious emotional distress requires proof of four elements:

"1) that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff; 2) that the actor's conduct was so extreme and outrageous as to go 'beyond all possible bounds of decency' and was such that it can be considered as 'utterly intolerable in a civilized community,' Restatement of Torts 2d (1965) 73, Section 46, comment d; 3) that the actor's actions were the proximate cause of plaintiff's psychic injury; and 4) that the mental anguish suffered by plaintiff is serious and of a nature that 'no reasonable man could be expected to endure it,' Restatement of Torts 2d 77, Section 46, comment j." *Pyle v. Pyle* (1983), 11 Ohio App.3d 31, 11 OBR 63, 463 N.E.2d 98.

Appellant failed to offer *any* evidence on the essential elements of this cause of action.

 A cause of action for the negligent infliction of emotional distress may be stated where (1) the plaintiff was a bystander; (2) the plaintiff reasonably appreciated the peril which took place, whether or not the victim suffered actual physical harm, and (3) the plaintiff suffered serious emotional distress as a result of this cognizance or fear of peril. *Paugh v. Hanks* (1983), 6 Ohio St.3d 72, 80, 6 OBR 114, 121, 451 N.E.2d 759, 766–767. Appellant was not a traumatized bystander or a witness to a sudden, negligently caused occurrence and has no factual basis to assert a claim for damages from negligent infliction of serious emotional distress as defined in *Paugh*.

## PUNITIVE DAMAGES

 Punitive damages are awarded to punish an offending party and to deter others from engaging in similar conduct. *Preston v. Murty* (1987), 32 Ohio St.3d 334, 512 N.E.2d 1174. Pursuant to R.C. 2315.21, punitive damages may be awarded in a tort action where actual damages have been proven, and the actions of the defendant demonstrate malice, fraud, oppression, or insult. See, also, *Villella v. Waikem Motors, Inc.* (1989), 45 Ohio St.3d 36, 37, 543 N.E.2d 464, 466–467.

Accordingly, because appellant failed to sustain his burden of offering operative facts sufficient to create a question of fact on the essential elements of his claims, he cannot recover on his two derivative punitive damages claims.

Appellant's first and second assignments of error are found not well taken.

On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Wood County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.

*Judgment affirmed.*

ABOOD, P.J., and GLASSER, J., concur.