DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas which granted the summary judgment motion of defendant-appellee Charter One Bank and thereby dismissed appellant's complaint for conversion and other relief. From that judgment, appellant Wafeek Khoury raises the following assignments of error:
"ARGUMENT — ASSIGNMENT OF ERROR NO. 1.
 THE TRIAL COURT BY ITS JUDGMENT ENTRY OF [SIC] COMMITTED REVERSIBLE ERROR IN GRANTING DEFENDANT CHARTER ONE BANK'S MOTION FOR SUMMARY JUDGMENT FOR SEVERAL REASONS, INCLUDING:
 "A. CHARTER ONE BANK'S OWN AFFIDAVIT, EVIDENCED THAT THE BANK ON APRIL 8, 1996, DEPOSITED A CHECK MADE PAYABLE TO `WAFEEK KHOURY MARIAM KHOURY JT TEN 3603 BRENDA DR., TOLEDO, OHIO 43614-2304'; AND THIS CHECK HAD NO SIGNATURES OF EITHER HER PAYEE, AND ENDORSED `DEPOSIT ONLY'; and
 "B. THE ABOVE ACTS WERE A BREECH [SIC] OF THE BANKS DUTY, AND AMOUNTED TO ACTIONABLE CONVERSION: [SIC] AND
 "C. THE ABOVE ACTS WERE AN ACT IN BREECH [SIC] OF THE BANK'S DUTY TO ACT IN GOOD FAITH, AND TO NOT CASH NOR RECEIVE THE SAID CHECK WITHOUT THE CONSENT OF BOTH PAYEES: [SIC] AND
 "D. SAID ACTS AMOUNTED TO NEGLIGENCE, AND A DENIAL AND INTERFERENCE OF PLAINTIFF'S CONTRACTUAL AND LEGAL RIGHTS IN SAID CHECK.
"ARGUMENT — ASSIGNMENT OF ERROR NO. 2.
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND VIOLATED RULE 56 F [SIC] AND ITS BASIC PRINCIPLES BY NOT GRANTING MORE TIME OF 1 WEEK AS THIS COUNSEL MOVED AT THE FINAL SETTLEMENT CONFERENCE ON MAY 18, 2000, AND BY MOTION OF MAY 7, 2000, FOR AN EXTENSION OF 3 WEEKS.
"ARGUMENT — ASSIGNMENT OF ERROR NO. 3.
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN NOT FINDING THAT PLAINTIFF SUFFERED EMOTIONAL HURT, ANXIETY, WORRY, UPSET AND HUMILIATION, AS THESE DAMAGES WERE WITHIN THE EXPECTATION AND REASONABLY FORESEEN CONSEQUENCES WHEN APPELLEE CHARTER ONE BANK FLAGRANTLY CAUSED A CHECK MADE OUT AS TO AN [SIC] REASONABLY UNDERSTOOD HUSBAND AND WIFE; AND SUCH HURTS WERE REASONABLY UNDERSTOOD, KNOWING AND FORESEEN BY CHARTER. THE CIRCUMSTANCES HERE GENERATED RECOVERABLE DAMAGES FOR ALL HURT, HUMILIATION, AND SIMILAR EMOTIONAL DISTRESS."
The undisputed facts of this case are as follows. On April 8, 1996, Charter One Bank deposited a check in the amount of $4,422.96 into the checking account of Mariam Khoury, appellant's then wife. The check was drawn on the parties' IDEX financial account and specified that it was payable to "Wafeek Khoury Mariam Khoury JT TEN." Subsequently, appellant filed for divorce from Mariam Khoury. On August 5, 1997, the Lucas County Court of Common Pleas, Domestic Relations Division, filed a final judgment entry of divorce, granting appellant and his former wife a divorce from each other. That judgment entry provided in pertinent part:
 "IT IS FURTHER ORDERED that Plaintiff [Wafeek Khoury] is entitled to receipt of the sum of $4,422.96 from IDEX account number 202-9903728 and any remaining balance shall then be divided equally between the parties."
Thereafter, Mariam Khoury filed a motion to vacate the final judgment entry of divorce. The parties then came to an agreement with regard to that motion and the domestic relations court, on April 24, 1998, filed an agreement of dismissal which reads in relevant part as follows:
 "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the final divorce decree will be amended in the following respects:
"* * *
 "3. Page five (5) third further ordered paragraph shall read: that the parties shall divide equally $4,422.96 received from Idex Acct. 202-9903728 and whoever received the check shall write a check for $2,211.43 to the other party."
Subsequently, in further post-divorce proceedings, the domestic relations court again addressed the issue of the IDEX account and held:
 "The Court further finds from the evidence that pursuant to provisions within the August 6, 1997 Judgment Entry of Divorce, as modified through its April 24, 1998 Journal Entry, Defendant hereby acknowledges receipt of the $4,422.96 final disbursement from their joint IDEX account. The parties further agree that Defendant [Mariam Khoury] shall be provided a $750.00 credit against the required equal division of the IDEX account proceeds based upon her transfer of her interest in the Ottawa Hills Memorial Park Mausoleum crips [sic] to Plaintiff.
 "IT IS FURTHER ORDERED that Plaintiff is hereby awarded a lump sum judgment against Defendant in the amount of $1,461.48, in full satisfaction of his share of the final distribution from the IDEX account, which is due and payable on or prior to September 1, 1998 without interest. * * *"
Nothing in the record indicates that appellant did not receive payment of this lump sum judgment.
On July 2, 1999, appellant filed the action that is now before this court on appeal. Appellant alleged that Charter One wrongfully deposited a check that was payable to both he and his ex-wife jointly and that he suffered damages thereby. In particular, appellant alleged that Charter One's actions amounted to conversion, breach of contract, negligence and breach of a fiduciary duty. On February 29, 2000, Charter One filed a motion for summary judgment. With regard to appellant's claim for conversion, Charter One asserted that appellant suffered no compensable damages. As to appellant's claims for breach of contract, breach of fiduciary duty and negligence, appellant argued that appellant could not establish the existence of a duty owed to him by Charter One.
On March 30, 2000, appellant filed a motion for a three week extension to file a response to Charter One's motion for summary judgment. The trial court granted the motion and noted that it would be the final extension granted. Thereafter, appellant filed a second motion for a three week extension to file a response to the motion for summary judgment. The trial court granted the motion and again noted that it would be the final extension granted. On April 28, 2000, appellant filed his own affidavit in opposition to the motion for summary judgment and filed a third motion for an extension to file a response to the motion for summary judgment. The trial court granted the motion but stated in its order that it would "not permit further extensions to be taken for the filing of this response." Appellant never filed a response to Charter One's motion for summary judgment and, in a judgment entry dated May 23, 2000, the trial court granted the motion and dismissed the case. It is from that judgment that appellant now appeals.
In his first assignment of error, appellant asserts that the trial court erred in granting Charter One summary judgment on all of appellant's claims for relief.
In reviewing a ruling on a motion for summary judgment, this court must apply the same standard as the trial court. Lorain Natl. Bank v. SaratogaApts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue as to any material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
R.C. 1303.60(A) provides that the law applicable to conversion of personal property applies to negotiable instruments. However, R.C.1303.60(B) limits the recovery available for the conversion of a negotiable instrument as follows:
 "In an action under division (A) of this section, the measure of liability is presumed to be the amount payable on the instrument, but recovery may not exceed the amount of plaintiff's interest in the instrument."
Assuming arguendo that Charter One had committed a conversion by accepting the IDEX check without appellant's signature, appellant's damages in his conversion claim would be limited to the amount of his interest in the check. As of September 9, 1998, the day of the domestic relations court's consent judgment entry, appellant's interest in the check became $1,461.48. Through that order, appellant's ex-wife was ordered to pay appellant that amount "as full satisfaction of his share of the final distribution from the IDEX account[.]" There is no evidence in the record to suggest that appellant did not receive that lump sum judgment. Accordingly, the trial court properly granted Charter One summary judgment on appellant's claim for conversion.
With regard to appellant's breach of contract claim, in response to Charter One's motion for summary judgment, appellant failed to establish the existence of any contract between Charter One and himself. As such, the trial court did not err in granting Charter One summary judgment on this claim.
Appellant further asserted a claim for breach of a fiduciary duty. Faced with Charter One's motion for summary judgment, which argued that it owed no fiduciary duty to appellant, appellant failed to respond with any evidence establishing such a duty. Moreover, because appellant was awarded $1,461.48 from the IDEX account in the divorce decree, and there is no evidence that he did not receive that amount, appellant has failed to establish how he was damaged by the alleged breach of fiduciary duty. Accordingly, the trial court did not err in granting Charter One summary judgment on appellant's claim of breach of a fiduciary duty.
Finally, appellant asserted a claim for negligence. As with the previous claims, we fail to see how appellant was injured by any alleged negligence on the part of Charter One. Appellant presented no evidence to establish that he did not receive the portion of the IDEX account to which he was entitled by virtue of the divorce proceedings. As such, the trial court did not err in granting Charter One summary judgment on the negligence claim.
Because the trial court did not err in granting Charter One summary judgment on appellant's claims, appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant contends that the trial court erred in refusing to grant him an additional extension to respond to Charter One's motion for summary judgment.
Initially, we note that the record does not contain any additional request for an extension filed by appellant. Rather, the record reveals that appellant filed for three extensions to respond to Charter One's motion for summary judgment and the trial court granted the extensions each time. In the final extension, granted on May 8, 2000, the court stated that it would not grant any further extensions for appellant to respond to the summary judgment motion. Appellant filed no further requests for extensions after that order and never responded to the motion for summary judgment. As such, the record fails to establish that the court ever refused to grant a request for an additional extension. Assuming arguendo that the court had denied an additional request for an extension, the ruling on such a motion is a matter left to the sound discretion of the trial court. Carlton v. Davisson (1995),104 Ohio App.3d 636, 648. Absent an abuse of discretion, a trial court's denial of a motion for an extension will not be reversed on appeal. Id. Had the trial court denied appellant a further request for an extension, we would see no abuse of discretion in that decision given that the court had already granted appellant three "final" extensions.
The second assignment of error is therefore not well-taken.
In his third and final assignment of error, appellant asserts that the trial court committed reversible error in failing to find that he had suffered emotional damage as a result of Charter One's conversion of the IDEX check. As we stated above, R.C. 1303.60(B) provides that where a bank is guilty of conversion of a negotiable instrument, recovery is limited to the amount of the plaintiff's interest in the instrument. Appellant failed to present any evidence in response to the motion for summary judgment that he did not recover the amount of his interest in the IDEX check from his ex-wife. Accordingly, the trial court did not err in failing to find that appellant suffered emotional damage as a result of the alleged conversion. The third assignment of error is therefore not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
 __________________________ Mark L. Pietrykowski, P.J.
Melvin L. Resnick, J., James R. Sherck, J. CONCUR.