OPINION
Plaintiff-appellant Lilliam Ortiz, M.D. appeals two March 22, 2000 Judgment Entries of the Knox County Court of Common Pleas which granted summary judgment to defendants-appellees Thomas Bell, M.D.; Jeffery Bowers, M.D.; Christine Bowers, M.D. and dismissed them from the case.
 STATEMENT OF THE CASE AND FACTS
On July 9, 1998, appellant filed a Complaint against the Village Clinic and Knox Community Hospital alleging breach of an employment contract. Appellant served her first set of interrogatories and request for production of documents on Village Clinic on August 10, 1998. Based upon information obtained during discovery, appellant amended her complaint in December, 1998, to include claims of fraudulent inducement, tortious interference of contract, and conversion. Appellant deposed two shareholders of the Village Clinic, appellee Jeffery Bowers on August 5, 1999, and appellee Thomas Bell on May 27, 1999, and November 4, 1999. Following this discovery, appellant was granted leave to file her second amended complaint on December 16, 1999. The second amended complaint added the individual shareholders of the Village Clinic as defendants, appellees herein. On December 30, 1999, appellees Jeffery and Christine Bowers filed a joint Motion to Dismiss Appellant's Second Amended Complaint and/or in the Alternative, Motion For Summary Judgment. The Bowers attached affidavits to their motion for summary judgment containing the following statements: The Village Clinic, Inc., at all times dealing with [appellant], had its own separate mind, will and existence, as the control over the corporation was divided between the four individual officers * * * who each had separate duties and responsibilities relating to the operation of the corporation.
Any control over the corporation that I exercised, * * * was not exercised in such a manner to commit fraud or an illegal act gainst [sic] [appellant] but instead was done for a legitimate purpose of the corporation * * *.
Appellees Bowers' Joint Motion for Summary Judgment.
On January 10, 2000, appellee Thomas Bell filed his Motion to Dismiss Appellant's Second Amended Complaint and/or in the Alternative, a Motion for Summary Judgment. Appellee Bell also included an affidavit with his motion which stated: The Village Clinic, Inc. at all times relevant herein, had its own independent existence. Control over the corporation was vested in the individual officers, including myself, Lee Weiss, Jeffery Bowers, M.D., and Christine Bowers all pursuant and in conformity with the Amended Articles of Incorporation.
Any control that I exercised over The Village Clinic was pursuant to my responsibilities as Secretary in furtherance of the legitimate purposes of the corporation and was pursuant to and in conformity to the Amended Articles of Incorporation and was not exercised in a manner to commit any fraudulent or illegal act against plaintiff.
Appellee Bell's Motion for Summary Judgment.
On January 28, 2000, the trial court set a non-oral hearing on the summary judgment motions for February 15, 2000. On the same day, appellant filed a Consolidated Memorandum in opposition to the motions to dismiss and/or in the alternative for summary judgment. Subheading E of appellant's Consolidated Memorandum contained a request for a continuance pursuant to Civ.R. 56(F). Therein, appellant maintained the necessary facts establishing the shareholder's disregard for the corporate entity were in the exclusive possession of the shareholders, and appellant could not obtain such facts except through the discovery process. Appellant argued she could not produce any affidavit to refute the statements set forth in the shareholder affidavits because she had not yet completed discovery with the individual shareholders. Accordingly, appellant sought a continuance to conclude discovery before responding to the motions for summary judgment. In support of this motion, appellant's counsel attached her own affidavit in support of the motion. The affidavit stated the affiant had reason to believe the Village Clinic had been disregarded as a corporate entity by the shareholder defendants. The affidavit also states appellant's counsel served appellees with interrogatories and request for production of documents relative to their involvement as shareholders and officers of the defendant clinic on January 18, 2000. As of the date of the affidavit and appellant's response to the motion to dismiss and/or motion for summary judgment, appellant's counsel had not received the responses to discovery. On March 22, 2000, the trial court denied each of appellees' motions to dismiss and granted each of appellees' motions for summary judgment. In the same entry, the trial court dismissed each appellee from the action. The trial court never specifically ruled on appellant's Civ.R. 56(F) motion for a continuance. The matter proceeded to a jury trial on November 15, 2000 on the issue of damages. A jury returned a verdict in favor of appellant in the amount of $112,500. On appeal, appellant attacks the two March 22, 2000 Judgment Entries granting summary judgment to appellees and dismissing them from the action. Appellant assigns the following error for our review:
 THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO DEFENDANT/APPELLEE SHAREHOLDERS THOMAS BELL, JEFFERY BOWERS, M.D., AND CHRISTINE BOWERS ON MARCH 22, 2000 WITHOUT RULING ON PLAINTIFF/APPELLANT'S REQUEST FOR A CIV. R. 56(F) CONTINUANCE, WHICH RULING WOULD HAVE EITHER ALLOWED PLAINTIFF/APPELLANT TO OBTAIN COMPLETE DISCOVERY PRIOR TO RESPONDING TO DEFENDANT SHAREHOLDERS' MOTIONS FOR SUMMARY JUDGMENT, OR TO PRESENT SUCH EVIDENCE AS WAS AVAILABLE TO PLAINTIFF/APPELLANT AT THAT TIME TO REBUT DEFENDANT SHAREHOLDERS' MOTIONS FOR SUMMARY JUDGMENT.
This case comes to us on the accelerated calender. App.R. 11.1, which governs accelerated calender cases, provides, in pertinent part: (E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
I In her sole assignment of error, appellant maintains the trial court erred in granting summary judgment without first ruling on her request for a continuance pursuant to Civ.R. 56(F). Appellant further contends the trial court erred in failing to grant said motion. We disagree. Civ.R. 56(F) provides: (F) When affidavits unavailable.
Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.
At the outset, we note "[t]he provisions of Civ.R. 56(F) are all discretionary. They are not mandatory." Carlton v. Davisson (1995),104 Ohio App.3d 636, 648, citing Ramsey v. Edgepark, Inc. (1990),66 Ohio App.3d 99, 106, Thus, trial courts possess broad discretion when regulating the discovery process, and a trial court's decision will not be reversed absent an abuse of discretion. State ex rel. Daggett v. Gessaman (1973), 34 Ohio St.2d 55, 57; Stegawski v. Cleveland Anesthesia Group, Inc. (1987), 37 Ohio App.3d 78, 86-87. The standard of review is abuse of discretion. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably. Initially, we note the fact the trial court did not address the motion. However, in light of the trial court's two March 22, 2000 Judgement Entries granting summary judgment, the motion is deemed overruled sub silentio. Although we believe the trial court would have not have abused its discretion if it had granted additional time for appellant to obtain discovery, we can find no abuse of discretion in the denial of the motion. As early as May 1999, appellant became aware a potential claim existed against the individual shareholders. In light of the passage of time between the date appellant originally filed the complaint (December, 1998), the date appellant was put on notice of a potential claim against the shareholders (May, 1999), and the date on which appellant made her request for additional time (January 28, 2000), we find no abuse of discretion in the trial court's denial of appellant's motion. Appellant's sole assignment of error is overruled.
The March 22, 2000 Judgment Entries of the Knox County Court of Common Pleas are affirmed.
 ___________ Hoffman, J.
Edwards, P.J. and Gwin, J. concur.