OPINION
{¶ 1} Plaintiff-appellant, Robert Hunley, appeals a decision of the Warren County Common Pleas Court, granting summary judgment in favor of defendant-appellee, Grote Enterprises, LLC ("Grote"), with respect to his negligence claim and his wife's derivative loss of consortium claim. We affirm the decision of the trial court.[1]
 {¶ 2} On September 9, 1999, appellant was employed as a truck driver with Commercial Enterprises, Inc. ("Commercial"). On that date, appellant was assisting a co-worker, Gary Carr, who was using an all-terrain forklift, or lull, to unload iron pipes from a truck at a work site. While Carr was attempting to unload one of the pipes using the lull, the pipe became lodged under one of the rails of the truck. Appellant then stood on the pipe while attempting to dislodge it by kicking the rail of the truck. Because Carr failed to use the lull to release the tension on the pipe, when appellant dislodged the pipe, the pipe sprang loose and catapulted appellant into the air. Appellant landed on the ground, sustaining significant injuries to his right foot.
 {¶ 3} In March 2000, appellant filed an intentional tort claim against his employer, Commercial. Appellant later filed an amended complaint which included claims against Grote for negligence. Grote is a company that assisted Commercial in providing safety instruction to its employees. Commercial and Grote each moved for summary judgment on all of appellant's claims, and the trial court subsequently entered summary judgment in favor of Commercial and Grote. With respect to Grote, the trial court found that appellant's negligence claim failed because Grote did not owe a duty of care to appellant. Appellant now appeals the trial court's decision with respect to Grote and presents the following assignment of error:[2]
 {¶ 4} "The trial court erred in granting the motion for summary judgment of Grote."
 {¶ 5} Appellant claims that summary judgment should be reversed because Grote owed considerable affirmative duties and responsibilities to appellant. Appellant argues that Grote breached its duty to Hunley by failing to identify and abate the dangerous conditions that resulted in appellant's injuries. Additionally, appellant maintains that the trial court made an impermissible finding of fact in concluding that Grote was a consultant to Commercial.
 {¶ 6} Our review of the trial court's entry of summary judgment is de novo. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336. Summary judgment is appropriate when "(1) [n]o genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Welco Industries, Inc. v. Applied Cos., 67 Ohio St.3d 344,346, 1993-Ohio-191; Civ.R. 56(C).
 {¶ 7} Where a motion for summary judgment is properly made and supported under Civ.R. 56(C), the nonmoving party may not rest upon its pleadings, but instead must produce evidence showing a genuine issue of fact as to issues upon which it has the burden of proof. Dresher v.Burt, 75 Ohio St.3d 280, 287, 1996-Ohio-107.
 {¶ 8} To avoid summary judgment in a negligence action, the plaintiff must show: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached that duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. Menifee v. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75,77. The existence of a duty in a negligence action is a question of law for the court to determine. Mussivand v. David (1989), 45 Ohio St.3d 314,318.
 {¶ 9} With respect to workplace safety, the scope of the duty an employer owes to its employees is found in R.C. 4101.11, which provides:
 {¶ 10} "Every employer shall furnish employment which is safe for the employees engaged therein, shall furnish a place of employment which shall be safe for the employees therein and for frequenters thereof, shall furnish and use safety devices and safeguards, shall adopt and use methods and processes, follow and obey orders, and prescribe hours of labor reasonably adequate to render such employment and places of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees and frequenters."
 {¶ 11} The evidence indicates that at the time the accident occurred, Greg Lastoria, an employee of Grote, served as a safety consultant for Commercial, and held the title of Safety Director. According to the testimony of Kevin Galbraith, Chief Operating Officer of Commercial, Grote is a corporation that provides management and consultation services for Commercial in areas such as employee training and safety programs. Galbraith testified that Lastoria's job was to train employees when Commercial requested him to do so, and also to make recommendations regarding training and safety programs. However, Galbraith stated that Lastoria had no authority to implement any training activities or safety programs without the authorization of Commercial.
 {¶ 12} Appellant argues that Lastoria had several affirmative duties and responsibilities, including the duty to ensure compliance with Commercial's safety programs and to ensure that Commercial's employees were properly trained. While these may in fact have been Lastoria's duties, we agree with the trial court that they were duties Grote owed to Commercial, based on the contractual relationship between Grote and Commercial. Lastoria's job responsibilities simply were not duties he owed to appellant, an employee of Commercial.
 {¶ 13} Appellant has failed to offer evidence of any relationship between Grote and appellant that would give rise to a duty. Commercial owed appellant the statutory duty to provide a safe work environment imposed by R.C. 4101.11. The fact that Lastoria held the title of Safety Director and had certain safety related job responsibilities did not impose upon Lastoria or Grote the duty that Commercial owed to appellant to provide a safe work environment. For these reasons, we find that no duty of care existed between Grote and appellant.
 {¶ 14} The existence of a duty is fundamental to establishing actionable negligence, and where there is no duty of care, there can be no liability for negligence. Jeffers v. Olexo (1989), 43 Ohio St.3d 140,142. Because we find that no duty of care existed between Grote and appellant, appellant's arguments regarding the breach of any purported duty are moot.
 {¶ 15} Finally, appellant argues that summary judgment should be reversed based on the trial court's finding of fact that Grote was a consultant to Commercial. The purpose of summary judgment is for the trial court to determine whether or not triable issues of material fact exist. Carlton v. Davisson (1995), 104 Ohio App.3d 636, 649. In a summary judgment proceeding, a trial court should not make findings of fact, because if there is a genuine dispute over material, disputed facts the case should proceed to a trier of fact. Koch v. Etna Township (July 18, 1991), Licking App. Nos. CA-3643, CA-3644, 1991 WL 148092.
 {¶ 16} We find that any factual disagreement that may exist between the parties is not over facts that are material. The specific label for Grote that the trial court chose to use was immaterial to the finding of law that Grote owed no duty to appellant. The trial court simply examined Grote's relationship to appellant and determined that Grote did not owe a duty of care to appellant. The fact that the trial court called Grote a "consultant" did not materially affect this determination.
 {¶ 17} We find that as a matter of law, there is no genuine issue of material fact as to whether or not Grote owed a duty to appellant. Even construing the evidence in favor of appellant, appellee is entitled to a judgment as a matter of law because appellant has failed to establish that Grote owed a duty of care to him. Accordingly, the assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and YOUNG, J., concur.
[1] Appellant's wife, Margo Hunley, is also an appellant in this matter based on her claim for loss of consortium. For simplicity, when using "appellant," we refer to appellant, Robert Hunley. In view of our ultimate ruling, the consortium claim, as a derivative cause of action, cannot proceed alone. See Morgan v. Taft Place Med. Ctr., Inc. (June 8, 1998), Butler App. No. CA97-12-226, 1998 WL 295560 at *5.
[2] Appellant voluntarily dismissed the appeal of the trial court's decision with respect to Commercial in September 2002.