EPLING, APPELLANT, *v.* PACIFIC INTERMOUNTAIN EXPRESS
COMPANY ET AL., APPELLEES.

[Cite as Epling v. Express Co. (1977),
55 Ohio App. 2d 59.]

(No. 697—Decided July 13, 1977.)

*Mr. James Easly* and *Mr. Lawrence Courtney,* for appellant.

*Mr. Timothy F. Scanlon* and *Mr. William Batchelder,* for appellees.

MAHONEY, P. J. This is an appeal from an order granting the defendant-appellee's motion for a directed verdict made at the conclusion of plaintiff's evidence in a malicious prosecution action. We affirm.

*Facts*

Pacific Intermountain Express (P. I. E.) trucking terminal in West Richfield was experiencing severe freight shortages in 1969. Defendants-appellees decided to hire an undercover agent to work the loading docks at the terminal facility. Defendants Gene Westberg (P. I. E. dis-

trict manager) and William Call (P. I. E. terminal manager) employed Richard Nichols to garner information concerning the freight losses. Nichols supplied eight reports. Three of them implicated the plaintiff, Carl Epling, in the thefts. This information was submitted to the Summit County Prosecutor who presented the evidence to the grand jury. On December 22, 1969, the grand jury indicted the plaintiff and an accomplice with grand larceny. The indictment charged the theft of 22 tape cartridges from the P. I. E. terminal. The plaintiff was arrested on December 27, 1969, and released on bond the same day. In February 1971, the prosecuting attorney obtained a *nolle proseque* on the indictment after determining there was insufficient evidence to prosecute Epling.

In January 1972, the plaintiff filed a malicious prosecution action against the defendants. After one mistrial, a second jury was impanelled. At the conclusion of plaintiff's opening statement, defendants moved for a directed verdict pursuant to Civ. R. 50. The Court sustained the motion and entered a final judgment for the defendants. This court reversed and remanded for trial with instructions that:

"If, without the use of testimony actually presented to the grand jury, the plaintiff can prove that defendants maliciously conspired to cause criminal proceedings to be instituted against him and that there was no probable cause for such proceedings, he is entitled to have this cause submitted to a jury." *Epling* v. *P. I. E.*, unreported, Court of Appeals for Medina County, No. 611, decided April 7, 1976.

Plaintiff now appeals the order granting defendants' motion for a directed verdict made at the close of plaintiff's evidence. The plaintiff-appellant claims as error:

"1. The court failed to use the proper test when it granted the motion for a directed verdict.

"2. The court erred in taking this case from the jury, inasmuch as the Ninth District Court of Appeals had held that if the plaintiff could show a malicious conspiracy and that there was no probable cause, the plaintiff

was entitled to have this cause submitted to a jury. The evidence showed that there was no probable cause, the evidence was manufactured.

"3. The court erred in not allowing defendant Richard Nichols the right to cross-examine his co-defendants."

*Discussion*

The first two assignments of error can be combined for discussion since they raise essentially the same arguments. The gist of plaintiff's contention is that the directed verdict motion was improperly granted (1) because the trial court never indicated it was applying the criteria set forth in Civ. R. 50(A)(4) and (2) the plaintiff's evidence demonstrated a lack of probable cause. We disagree. Civ. R. 50(A)(4) delineates the following criteria:

"When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

The trial court's adherence to this criteria is emphatically evident from the record. The plaintiff's evidence failed to show a conspiracy or that the defendants caused the criminal proceeding to be instituted against the plaintiff without probable cause.

Plaintiff also contends that a lack of probable cause was affirmatively demonstrated. Probable cause in an action for malicious prosecution was defined in *Ash* v. *Marlow* (1851), 20 Ohio 119.

The heart of this contention is the alleged existence of a conspiracy among P. I. E. officials to manufacture evidence to get Epling and others "off the dock." Defendant Nichols testified that Mr. Westberg never asked him to manufacture evidence or frame anyone, including Epling. Nichols also testified he never planted any

evidence on Epling without his knowledge. The trial court held, as a matter of law, conspiracy had not been proven.

An indictment is *prima facie* evidence of probable cause and the plaintiff must bring forward enough evidence to rebut this. *Melanowski* v. *Judy* (1921), 102 Ohio St. 153.

The Ohio Supreme Court has held that an individual who provides a prosecuting officer with information which he believes true is not the cause of the indictment where the officer exercises his uncontrolled discretion to prosecute. *Archer* v. *Cachat* (1956), 165 Ohio St. 286. Such a policy fosters cooperation between the community and law enforcement officials.

Where, as here, the plaintiff claims that P. I. E. had no right to rely on statements of private investigators or undercover agents, we submit that case law does not require them to verify the reports. See, *Campbell* v. *Yellow Cab Co.* (C. A. 3, 1943), 137 F. 2d 918. In *Widmeyer* v. *Felton* (Ohio Cir. 1899), 95 F. 926, the Sixth Circuit Court said:

"Before instituting a prosecution, a party is not bound to have evidence that will insure a conviction. He is not required to be absolutely convinced, but to have evidence sufficient to justify an honest belief of the guilt of the accused." (Page 931.)

As in *Widmeyer, supra,* P. I. E. had a right to rely on the veracity of the undercover agent's reports concerning company thefts. Nichols himself testified that the reports were accurate representations of events which actually transpired at the P. I. E. dock.

The only active participation by P. I. E. officials was to hire defendant Nichols and submit his reports to the Summit County Prosecutor. Westberg testified he had no personal knowledge of the identity of the thieves apart from that supplied by Nichols. Westberg's only role was to present Nichols' reports and some freight bills to the Summit County Prosecutor. Westberg further stated he never told the prosecutor the number of cartridges stolen and it was the prosecutor's decision to submit the infor-

mation to the grand jury. The trial court agreed with these contentions and stated that the plaintiff had failed to show any communication between Westberg and the prosecuting attorney without resorting to the prohibited use of grand jury testimony. The trial judge indicated that the plaintiff had failed to demonstrate that the indictment was not the result of the prosecutor's uncontrolled discretion.

William Call, P. I. E. terminal manager, testified he had no communication with the Summit County Prosecutor in the instant case.

Under Ohio law, in a malicious prosecution action, it is the duty of the trial judge to direct a verdict on the issue of probable cause where it appears reasonable minds could reach but one conclusion. *Hruska* v. *Severance Specialty, Inc.* (C. A. 6, 1974), 498 F. 2d 796.

The third assignment of error is overruled. Plaintiff contends that defendant Nichols had the right to cross-examine the codefendant pursuant to *Rice* v. *Yellow Cab. Co.* (1961), 117 Ohio App. 183, 184. Paragraph 6 of the syllabus of that opinion states that, in a negligence action, where there are several defendants, one defendant has the right to cross-examine a codefendant. Defendants Call and Westberg, under the Yellow Cab holding, were permitted to cross-examine Nichols while he was on the stand. However, defendant Nichols did not make his request known until after both parties had left the witness stand. Even if it was error to deny Nichols that right, such error could not inure to the plaintiff's benefit. It was not part of or prejudicial to the plaintiff's case.

### Summary

We overrule all three assignments of error and affirm the judgment.

*Judgment affirmed.*

BELL and VICTOR, JJ., concur.