JOURNAL ENTRY AND OPINION
Plaintiff-appellant David W. Hess (Hess) appeals from the granting of summary judgment in favor of defendant-appellee-movant Dungarvin Ohio, Inc. (DOI) on Hess's claim of malicious criminal prosecution. For the reasons adduced below, we affirm.
Hess was employed by DOI as a Support Service Specialist providing residential support services to mentally retarded and developmentally disabled (`MRDD') adults. Appellee's brief at 2. His job duties included maintaining financial records on the individuals he assisted with financial management.
In preparation for a quarterly review by county administration overseeing DOI's dealings with its beneficiaries, Hess produced a disorganized package of papers and receipts (and Mr. Doss's checkbook and ATM card) on November 20, 1997, which purportedly documented Hess's financial assistance to Mr. Nate Doss, a mentally retarded man who had sought help with money management from DOI. A review of these documents by Ms. Jenkins, the Program Director for DOI's Cleveland office and Hess's direct supervisor, indicated that a number of bank statements, receipts and canceled checks were missing. Ms. Jenkins instructed Hess to locate these missing documents or obtain copies of same by their next scheduled meeting on November 24, 1997 (the day before the scheduled quarterly review by the county). Hess did not appear for the meeting on November 24, 1997, and telephone calls to his residence that day (and on November 25, 1997) were not returned.
On November 25, 1997, Ms. Jenkins attended the meeting with Ms. Debbie Dunam, a member of the County's review board, at which time Mr. Doss's financial records were examined. This review revealed what appeared to be financial irregularities, which were then reported to Mr. Lawrence Alesnik, the Chief Major Unusual Incident Inspector for the Cuyahoga County Board of Mental Retardation. Mr. Alesnik subsequently instructed Ms. Jenkins to file a police report regarding the financial irregularities contained within the Doss matter. The police report was filed by Ms. Jenkins on December 5, 1997, complaining of misuse by Hess of Mr. Doss's checking account and ATM card.
The Cuyahoga County Prosecutor determined that there was probable cause to present the matter to the Cuyahoga County Grand Jury. On April 1, 1998, the Grand Jury returned a true bill indictment on nineteen counts of criminal conduct by Hess, including forgery, uttering, theft, receiving stolen property, and unauthorized access of a computer. See State v. Hess, Cuyahoga County Common Pleas Court Case No. CR-361729.
The criminal case proceeded to trial, and was disposed of when the court granted Hess's motion for judgment of acquittal pursuant to Crim.R. 29(A) at the close of the State's case because the State could not prove that Hess was not authorized by Mr. Doss to use the beneficiary's checking account or ATM card.
Hess filed the action sub judice on August 13, 1999, claiming malicious criminal prosecution. Subsequent to DOI filing for summary judgment (or, in the alternative, to dismiss for failure to state a claim for relief) on October 20, 1999[1], Hess filing a brief in opposition to same on February 25, 2000[2], and DOI filing a reply brief on March 2, 2000, the trial court granted summary judgment on March 3, 2000.
The lone assignment of error presented for review provides:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN GRANTING APPELLEE'S MOTION TO DISMISS OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT.
In order to state a claim for the tort of malicious criminal prosecution, the following elements must be demonstrated:
 (1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused. Arrest of the plaintiff or seizure of his property is not a necessary element.
Scarso v. City of Mayfield (Nov. 18, 1999), Cuyahoga App. No. 75269, unreported, 1999 Ohio App. LEXIS 5459, at 9, citing Trussell v. General Motors Corp. (1990), 53 Ohio St.3d 142, 559 N.E.2d 732, syllabus.
The Scarso opinion next stated the following:
As provided in,
 Carlton v. Davisson (1995), 104 Ohio App.3d 636, 650-651, 662 N.E.2d 1112: An indictment is prima facie evidence of probable cause and a plaintiff must bring forward substantial evidence to rebut this. Deoma v. Shaker Hts. (1990), 68 Ohio App.3d 72, 77, 587 N.E.2d 425, 428; Epling v. Pacific Intermountain Express Co. (1977), 55 Ohio App.2d 59, 62, 9 Ohio Op. 3d 220, 222, 379 N.E.2d 239, 241-242; Lynch v. Medina Police Dept., 1993 Ohio App. LEXIS 3779 (July 28, 1993), Medina App. No. 2179-M, unreported, 1993 WL 280451; Bender v. Diemert, 1993 Ohio App. LEXIS 2160 (Apr. 22, 1993), Cuyahoga App. No. 62206, unreported, 1993 WL 127091. This evidence must suggest the "indictment resulted from perjured testimony or that the grand jury proceedings were otherwise significantly irregular." Deoma v. Shaker Hts., 68 Ohio App. 3d at 77, 587 N.E.2d at 428.
 See also Pollock v. Kanter (Cuyahoga, 1990), 68 Ohio App.3d 673, 680, 589 N.E.2d 443 (the fact that an indictment was issued raises a rebuttable presumption that probable cause existed to establish a claim for malicious prosecution). (Italicization added.)
The standard of review for a motion for summary judgment ruling was set forth in Colon v. Metrohealth Med. Ctr. (Oct. 19, 2000), Cuyahoga App. No. 77275, unreported, 2000 Ohio App. LEXIS 4883, at 3-4:
 The standard of review for a motion for summary judgment was recently stated by this court in Martin v. Dadisman (Aug. 24, 2000), Cuyahoga App. No. 77030, unreported, 2000 Ohio App. LEXIS 3843, at 3-5. Appellate review of summary judgments is de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241; Zemcik v. La Pine Truck Sales 
Equipment (1998), 124 Ohio App.3d 581, 585, 706 N.E.2d 860. The Ohio Supreme Court recently restated the appropriate test in Zivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367, 369-70, 696 N.E.2d 201 as follows:
 Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.
 Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-59, 604 N.E.2d 138.
Applying the principles of Scarso to the case sub judice, it is clear that (1) the fact of indictment is prima facie evidence of probable cause and that (2) Hess, in order to rebut this presumption of probable cause, must come forth with evidence which would suggest the "indictment resulted from perjured testimony or that the grand jury proceedings were otherwise significantly irregular." Also, the granting of the motion for acquittal in his criminal trial does not vitiate the finding of probable cause by the Grand Jury. Scarso, 1999 Ohio App. LEXIS 5459, at 10-11. Notwithstanding Hess's evidence, which largely consists of his uncorroborated allegation that the DOI personnel and county personnel lied to the grand jury, Hess has failed to come forth with evidence to support this assertion of lying and suggest that the grand jury proceedings were tainted by the use of perjured testimony on the part of DOI or the County's oversight personnel or that these personnel acted with malice in notifying the county prosecutor of suspected financial irregularities. To the contrary, the affidavits supporting DOI's motion for summary judgment demonstrate the exact opposite. Accordingly, the trial court properly entered summary judgment in favor of DOI where there was no genuine issue of material fact concerning the first and second elements of the tort of malicious criminal prosecution (to-wit, malice in instituting the criminal action and probable cause).
Assignment overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 ______________________________ JAMES D. SWEENEY, JUDGE
KENNETH A. ROCCO, P.J., and MICHAEL J. CORRIGAN, J., CONCUR.
[1] DOI's motion for summary judgment was supported by the affidavit of Ms. Jenkins and copies of case law. DOI supplemented the motion for summary judgment on February 10, 2000, by filing the affidavit of Mr. Lawrence Alesnik.
[2] Hess's brief in opposition was supported by the following: (1) Hess's affidavit; (2) an unauthenticated copy of an affidavit from Ms. Jocelyn Conwell [the Assistant County Prosecutor who prosecuted Hess's criminal case who averred that her investigation found probable cause of criminal activity]; and (3) a copy of an excerpt of argument from the motion for acquittal and from the testimony of Hess in the criminal case.