OPINION
{¶ 1} On October 1, 2002, appellant, Burton M. Koss, was shopping in the Kroger store on Georgesville Road and was not wearing shoes. After being told customers were required to wear shoes in the store, and following some discussion, appellant was escorted out of the store by a Columbus police officer, who was working special duty, and was arrested for criminal trespassing. Two days later, appellant filed a complaint against appellee, The Kroger Company, alleging false arrest, false imprisonment and infliction of emotional distress. Appellant subsequently filed an amended complaint alleging false arrest, malicious prosecution and abuse of process. Appellee filed a motion for summary judgment which the trial court granted. Appellant filed a notice of appeal and raises the following assignments of error:
Assignment of Error No. 1:
The trial court erred in granting summary judgment to the Defendant with respect to the Plaintiff's claim for false arrest, because the standard for summary judgment established by Civil Rule 56(C) is not met. Material issues of fact are in dispute, and the evidence does not conclusively establish that the Defendant had probable cause to arrest the Plaintiff.
Assignment of Error No. 2:
The trial court erred in granting summary judgment to the Defendant with respect to the Plaintiff's claim for malicious prosecution, because the standard for summary judgment established by Civil Rule 56(C) is not met. Material issues of fact are in dispute. Evidence in the record could lead reasonable minds to the conclusion that the elements of malicious prosecution are present in the facts of the case. Whether the Plaintiff was maliciously prosecuted is a question of fact that must be resolved at trial.
 {¶ 2} The case arose from an incident which occurred on October 1, 2002, when appellant was shopping in the Kroger store on Georgesville Road, at the time he was not wearing shoes. Appellant was approached by a stock clerk, Jeffrey Schaible, who stated in his deposition that he told appellant he needed to have shoes on while in the store. They had approximately a five-minute conversation, then Schaible went to find the off-duty police officer who was working for Kroger as a security guard. Schaible could not find the police officer but saw her escorting appellant out of the store approximately five minutes later.
 {¶ 3} The police officer, Blanch Tucker, testified in her deposition that she was working special duty at Kroger on that evening and was approached by a female clerk who told Officer Tucker that a customer was not wearing shoes. Officer Tucker believed that Kroger had a store policy requiring customers to wear shoes, so she and the clerk approached appellant and the clerk asked appellant to leave. As they approached appellant, he became belligerent. Officer Tucker asked appellant to leave several times. Finally, she escorted him out of the store to his car. She placed him under arrest for criminal trespassing because he was not wearing shoes and refused to leave, and he was combative and argumentative. About one year prior to this incident, Officer Tucker met appellant at a Meijer store on Georgesville Road, when she was dispatched to the store and appellant was arrested for criminal trespassing under similar circumstances.
 {¶ 4} Lisa Swisher, a night cashier at Kroger, stated in her deposition that she heard Officer Tucker ask appellant to leave the store because he was not wearing shoes. She stated that Kroger does have a policy requiring both employees and customers to wear shoes. Officer Tucker continued to ask him to leave the store and he refused. Swisher also testified regarding an incident involving appellant in the spring of 2002, when appellant applied for a Kroger plus card using the name Osama Bin Laden. A customer service representative asked appellant to use his real name, asked for identification and, when he refused, the police were called because the employees began to feel threatened.
 {¶ 5} Holly Baughman testified in her deposition that she is a liability administrator for the Columbus division of The Kroger Company. She stated Kroger has a policy which is verbally communicated to customers that shoes are required to be worn in the stores.
 {¶ 6} Appellant testified in his deposition that he did not have shoes on his feet when he was shopping in the Kroger store because he has a health condition which makes his feet more comfortable without shoes. He admitted that Officer Tucker had been called to the Meijer store because he was not wearing shoes and he was removed from the store but stated he was not arrested. Appellant stated that his understanding of the law was that there was no statute, ordinance or health code requiring an individual to wear shoes in any food service establishment, but that business establishments that are privately owned have the right to establish rules to govern the behavior of their customers.
 {¶ 7} Approximately two years prior to the incident on October 1, 2002, appellant admitted he was told by a Kroger store manager at the Southwest Square Shopping Center that he could not enter the store without shoes. He stated he talked to Jo Ford in the corporate office of Kroger who told him Kroger does not have a policy requiring that customers wear shoes. Another incident occurred prior to October 1, 2002, when appellant was not wearing shoes inside the Kroger store at the Southwest Square Shopping Center and a cashier told him, after he paid for his groceries, that, if she had realized he was not wearing shoes, she would not have been allowed to check him out.
 {¶ 8} Appellant admitted he was previously involved in a situation at the Georgesville Road Kroger when he attempted to apply for a Kroger plus card using the name Osama B. Laden. A customer service representative asked appellant for identification and asked him to complete a new application with his name. The cashier refused to accept the Kroger plus card and appellant believed he eventually completed a new application.
 {¶ 9} Appellant stated that, on October 1, 2002, he was shopping in Kroger without shoes on and was approached by a male employee who told him he had to go outside and put shoes on because it was a state law. After some discussion, the employee left him to find the police officer. About five minutes later, he was approached by a female employee and Officer Tucker. Appellant asked if he was being accused of breaking the law and Officer Tucker told him he could not be in the store without shoes, and grabbed his arm and pulled him out of the store. He continued to discuss the situation with Officer Tucker while outside the store, and Officer Tucker told him to leave the parking lot. Then he said "something to the officer like you think you're real smart, or something like that," and that is when Officer Tucker placed him under arrest. (Koss Depo. at 44.)
 {¶ 10} In April 2003, following a two-day jury trial, appellant's motion for acquittal, pursuant to Crim.R. 29, was granted and the criminal trespassing charge was dismissed.
 {¶ 11} By the first assignment of error, appellant contends that the trial court erred in granting summary judgment to appellee with respect to his claim for false arrest. To prevail on a motion for summary judgment, the moving party must demonstrate that, when the evidence is construed most strongly in favor of the non-moving party, no genuine issue of material fact remains to be litigated and that it is entitled to judgment as a matter of law. Civ.R. 56(C); Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64. A genuine issue of material fact exists unless it is clear that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Williams v. First United Church of Christ (1974),37 Ohio St.2d 150, 151. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously, with any doubts resolved in favor of the non-moving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
 {¶ 12} When an appellate court reviews a trial court's disposition of a summary judgment motion, the appellate court applies the same standard as applied by the trial court. Maustv. Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103, 107. An appellate court's review of a summary judgment disposition is independent and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. Thus, in determining whether a trial court properly granted a summary judgment motion, an appellate court must review the evidence in accordance with the standard set forth in Civ.R. 56, as well as the applicable law. Murphy.
 {¶ 13} The tort of false arrest involves depriving a person of his liberty without lawful justification. A plaintiff must show only that he was detained and that the detention was unlawful. Harvey v. Horn (1986), 33 Ohio App.3d 24, 27. Appellant argues that Kroger did not have probable cause to arrest him for criminal trespassing because the charge of criminal trespassing was dismissed. Appellant also asserts there was no reasonable cause to arrest him for criminal trespass, as he was never specifically told to leave the store. "Probable cause to arrest a person for a misdemeanor exists when there are circumstances which would cause a reasonable person to believe that a crime had been committed in his presence." State v. Harn
(Aug. 20, 1987), Franklin App. No. 87AP-269.
 {¶ 14} Appellant was charged with criminal trespassing, a violation of R.C. 2911.21(A)(4), which provides, as follows:
(A) No person, without privilege to do so, shall do any of the following:
* * *
(4) Being on the land or premises of another, negligently fail or refuse to leave upon being notified to do so by the owner or occupant, or the agent or servant of either.
 {¶ 15} Appellant argues that there is a question of fact regarding whether or not he was told to leave the premises. Appellant was shopping with his girlfriend, Pamela A. Mardis, who stated in her affidavit that she was present during the conversation between appellant and Schaible. Mardis stated Schaible did not tell appellant to leave the store, but told him he had to put on shoes because shoes were required by state law. She stated that she and appellant were then approached by a female employee and the police officer, who did not identify herself as an employee of Kroger and who seized appellant's arm and removed him from the store. She stated that at no time did she see or hear an employee ask or tell appellant to leave the store.
 {¶ 16} Other evidence established that Schaible told appellant he needed to have shoes on while in the store, and Officer Tucker testified that she told appellant he had to leave the store several times. Koss testified that he had previously been told to wear shoes in other Kroger locations but he was also told that Kroger did not have a policy requiring that shoes be worn. He testified that he was approached by Schaible, who told him he had to go outside and put shoes on because it was a state law. Then he was approached by a female employee and Officer Tucker, who told him he could not be in the store without shoes and the officer grabbed his arm and pulled him out of the store.
 {¶ 17} Given this testimony, there is a question of material fact regarding whether appellant was told by an employee or agent of Kroger to leave the store, an element of the offense of criminal trespassing and key to whether the detention was unlawful, and whether appellant resisted exiting the store when the officer grabbed his arm. Appellant's first assignment of error is well-taken.
 {¶ 18} By the second assignment of error, appellant contends that the trial court erred in granting summary judgment with respect to his claim for malicious criminal prosecution. "The tort of malicious criminal prosecution is the right to recover damages for the harm caused to a defendant in a criminal case by the misuse of criminal actions." Criss v. Springfield Twp.
(1990), 56 Ohio St.3d 82, 84. In the syllabus of Trussell v.General Motors Corp. (1990), 53 Ohio St.3d 142, the court set forth the elements to prove a malicious criminal prosecution, as follows:
* * * (1) [M]alice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused. * * *
 {¶ 19} Appellant argues that a question of material fact exists as to whether the elements of malicious criminal prosecution are present since his criminal charges were dismissed, pursuant to Crim.R. 29, and he was arrested without probable cause. He contends that Officer Tucker was motivated by her dislike of appellant because of the previous confrontation at Meijer.
 {¶ 20} The requirement of malice depends directly on the defendant's state of mind. "Malice is the state of mind under which a person intentionally does a wrongful act without a reasonable lawful excuse and with the intent to inflict injury or under circumstances from which the law will infer an evil intent. * * * For purposes of malicious prosecution it means an improper purpose, or any purpose other than the legitimate interest of bringing an offender to justice." Criss, at 84-85.
 {¶ 21} In this context, actual malice may be inferred from proof of lack of probable cause. "Probable cause" has been defined by the Supreme Court of Ohio as "`a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged.'" Rogers v. Barbera (1960), 170 Ohio St. 241, 246, quoting Ash v. Marlow (1851), 20 Ohio 119. A party instituting the criminal proceeding is not bound to have evidence sufficient to insure a conviction, but is required to have evidence sufficient to justify an honest belief of the guilt of the accused. Epling v. Express Co. (1977), 55 Ohio App.2d 59, 62.
 {¶ 22} In her deposition, Officer Tucker testified:
Q. To your knowledge, does kroger have a policy requiring customers to wear shoes?
A. To my knowledge, yes, they do.
(Tucker Depo. at 22.) Officer Tucker further explained why she arrested appellant that night, as follows:
A. I Arrested Mr. Koss due to the fact he refused to leave the store without — Mr. Koss was not wearing any shoes and he refused to leave the store. He became combative and argumentative and I asked him several times to leave and he refused. At that time, it was my choice to arrest him for criminal trespassing.
(Tucker Depo. at 9.)
 {¶ 23} Given the above evidence that the officer believed that Kroger had a policy prohibiting bare feet inside the store, and stated in her deposition that she asked appellant to leave several times and that he refused, the officer had reasonable basis to arrest appellant for criminal trespass. Appellant has not met his burden to provide evidence of all the elements of malicious criminal prosecution, and the trial court did not err in granting summary judgment on this issue. Appellant's second assignment of error is not well-taken.
 {¶ 24} For the foregoing reasons, appellant's first assignment of error is sustained, the second assignment of error is overruled, and the judgment of the Franklin County Municipal Court is affirmed in part and reversed in part, and this cause is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment affirmed in part, reversed in part and causeremanded.
Lazarus, P.J., and Bryant, J., concur.