JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Bruce A. Brown ("Brown"), appeals from a decision of the Common Pleas Court that granted defendant-appellee, Crestmont Cadillac's ("Crestmont"), motion for summary judgment. Upon review, we conclude that there are no genuine issues of material fact and that Crestmont is entitled to judgment as a matter of law on Brown's claims. Accordingly, we affirm the trial court's decision.
 {¶ 2} A review of the record reveals the following facts: On November 20, 2003, Brown, on behalf of the Tauwab Group, Ltd., went to Crestmont to buy a car. Brown entered into a Motor Vehicle Purchase Contract ("Purchase Agreement") with Crestmont for a 2002 Cadillac Escalade EXT ("the vehicle"). Brown wrote a check in the amount of $2,505 as a down payment. Shortly thereafter, the check was returned to Crestmont because the account that it was written upon was closed.
 {¶ 3} On December 15, 2003, Brown received a certified letter from Crestmont of its intent to pursue legal action against him for the bad check unless he paid the $2,505 in ten days. On December 16, 2003, Brown alleges that he remitted, and Crestmont accepted, $205 as partial restitution. Crestmont denies this allegation and claims that Brown never responded to its letter.
 {¶ 4} On February 17, 2004, Crestmont filed a police report at the Beachwood Police Department with regards to this matter. Specifically, it alleged that Brown's check in the amount of $2,505 had been returned to Crestmont due to the account being closed.
 {¶ 5} On March 17, 2004, Brown was indicted by the Cuyahoga County Grand Jury for passing bad checks in violation of R.C.2913.11.
 {¶ 6} On October 15, 2004, Brown was arrested on the complaint.
 {¶ 7} On January 24, 2005, the charges against Brown were dismissed. On March 29, 2005, Brown filed this action against Crestmont alleging malicious prosecution. On October 11, 2005, Crestmont filed a motion for summary judgment arguing that the indictment by the Cuyahoga County Grand Jury established probable cause for the criminal charges initiated against Brown. On November 16, 2005, the trial court granted Crestmont's motion for summary judgment. It is from this judgment that Brown timely appeals and raises one assignment of error for our review, which states:
 {¶ 8} "I. The court erred when it granted appellee's motion for summary judgment."
 {¶ 9} An appellate court reviews a trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. "De novo review means that this Court uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial." Brewer v. Cleveland CitySchools (1997), 122 Ohio App.3d 378, citing Dupler v. MansfieldJournal (1980), 64 Ohio St.2d 116, 119-120.
 {¶ 10} Summary judgment is appropriate where it appears that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis DayWarehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C).
 {¶ 11} The burden is on the movant to show that no genuine issue of material fact exists. Id. Conclusory assertions that the nonmovant has no evidence to prove its case are insufficient; the movant must specifically point to evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc., which affirmatively demonstrate that the nonmovant has no evidence to support his claims.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293; Civ.R. 56(C). Unless the nonmovant then sets forth specific facts showing there is a genuine issue of material fact for trial, summary judgment will be granted to the movant.
 {¶ 12} With these principles in mind, we proceed to consider whether the trial court's grant of summary judgment in Crestmont's favor was appropriate.
 {¶ 13} To establish the tort of malicious prosecution, a plaintiff must prove the following elements: (1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused. Criss v. Springfield Twp. (1990), 56 Ohio St.3d 82.
 {¶ 14} In an action for malicious prosecution, the lack of probable cause is the gist of the action. Melonowski v. Judy
(1921), 102 Ohio St. 153. Probable cause does not depend on whether the claimant was guilty of the crime charged. Waller v.Foxx (Oct. 6, 1982), Hamilton App. No. 810568. Rather, the question is whether the accuser had probable cause to believe that the claimant was guilty. Id. The person instituting the criminal proceeding is not bound to have evidence sufficient to insure a conviction but is required only to have evidence sufficient to justify an honest belief of the guilt of the accused. Epling v. Pacific Intermountain Exp. Co. (1977), 55 Ohio App.2d 59, 62.
 {¶ 15} An indictment creates a rebuttable presumption of probable cause which is only overcome by the plaintiff's production of substantial evidence "to the effect that the return of the indictment resulted from perjured testimony or that the Grand Jury proceedings were otherwise significantly irregular."Deoma v. City of Shaker Heights (1990), 68 Ohio App.3d 72, citing Epling v. Express Co., supra.
 {¶ 16} Applying these standards, we find that Crestmont acted with probable cause in the filing of the complaint against Brown. The crime of passing a bad check is defined by R.C. 2913.11, which provides in pertinent part that "no person, with purpose to defraud, shall issue a check, knowing that it will be dishonored." A person is presumed to know that a check will be dishonored if the "drawer had no account with the [bank] at the time of issue." R.C. 2913.11(C)1).
 {¶ 17} A review of the record reveals substantial evidence that would lead a reasonable person to find that probable cause existed to indict Brown for passing a bad check. The undisputed facts show: (1) Brown gave Crestmont a check in the amount of $2,505 on November 20, 2003; (2) that check was returned because the account from which it was drawn was closed; (3) Crestmont sent Brown a letter on December 15, 2003, requesting payment on the dishonored check within ten days; and (4) Brown did not remit the full payment. These facts are sufficient to allege a complaint under R.C. 2913.11(A). The mere fact that the criminal charges against Brown were ultimately dropped does not mean that Crestmont filed said charges without probable cause or that Crestmont did not have an honest belief that he was guilty. Indeed, the Cuyahoga County Grand Jury specifically found probable cause to support an indictment against Brown.
 {¶ 18} Brown alleges that his indictment resulted from perjured testimony. Specifically, Brown claims that Crestmont failed to inform the Beachwood Police Department that he made partial restitution in the amount of $205 to Crestmont on December 16, 2003. In support of his claim, Brown attaches a bank statement from Crestmont showing that $205 was deposited into Crestmont's account at Fifth Third on December 16, 2003. However, this statement does not indicate who or where the money was from. Moreover, the deposit slip showing the $205 deposit indicates that $200 of that money was in the form of a check. Yet, Brown failed to come forth with a cancelled check or any receipt showing that he paid, and Crestmont received, any money. Crestmont denies receiving any restitution from Brown.
 {¶ 19} Under these circumstances, we find that Brown did not meet his burden of producing "substantial evidence" to support his allegation of perjury on the part of Crestmont or Crestmont's employees or that Crestmont acted with malice in notifying the Beachwood prosecutor of Brown's suspected wrongdoing. Indeed, we find no evidence of perjury at all. The undisputed facts show that Brown wrote a check for $2,505 on a closed account. This is precisely what Crestmont alleged in its complaint to the Beachwood Police Department. Accordingly, we find that the trial court did not err in granting summary judgment in favor of Crestmont, since there was no genuine issue of material fact concerning the first and second elements of the tort of malicious criminal prosecution.
 {¶ 20} This assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Colleen Conway Cooney, J., and Sean C. Gallagher, J., concur.