{¶ 1} Plaintiffs-appellants Massimo DiNucci and Ivana DiSiena ("appellants") appeal the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I. {¶ 2} The case at bar stems from a dispute between neighbors involving the capture and eventual safe release of a house cat. The parties were before this court in an earlier dispute. Massimo DiNucci, et al. v.Matthew R. Lis, et al., Cuyahoga App. No. 86223, 2005-Ohio-6730
("DiNucci").
 {¶ 3} In DiNucci I, appellants filed a trespass, property damage, and continuing nuisance claim against their next-door neighbor Matthew Lis ("appellee") in the small claims division of Parma Municipal Court on September 30, 2004. Appellants alleged appellees were liable for 1) delays in the construction of appellants' house due to appellees' objections, 2) damage to appellants' lawn caused by trespassing, 3) willow tree branches hanging over appellants' property, and 4) creating a nuisance by having their yard look like a construction site for over two years.
 {¶ 4} On November 9, 2004, the magistrate awarded appellants $150 for damage to their lawn. The magistrate ruled that appellants' other claims either failed on the merits or resulted in no provable damages. Appellants objected to the magistrate's decision in the Parma Municipal Court, claiming the magistrate *Page 4 
improperly applied the rules of evidence and improperly calculated the amount of damages. On April 1, 2005, the municipal court agreed with the magistrate's findings of fact and conclusions of law and entered judgment in favor of appellants for $150.
 {¶ 5} Appellants then appealed to this court and argued that the lower court erred in overruling the appellants' objections because the magistrate failed to adequately explain and enforce the Ohio Rules of Civil Procedure and the Ohio Rules of Evidence. This court disagreed with appellants and affirmed the lower court.
 {¶ 6} The parties are again before this court. On October 31, 2005, appellants filed a lawsuit against appellee for malicious prosecution, alleging that their neighbor, appellee, instituted criminal legal proceedings against them without probable cause and in retaliation. The second count in the complaint was for intentional infliction of emotional distress.
 {¶ 7} On December 6, 2005, appellee filed his answer, denying the claims asserted in the complaint. Following a period of discovery, on June 26, 2006, appellee filed a motion for summary judgment. On August 14, 2006, appellants filed their brief in opposition to the motion and, on August 17, 2006, appellee filed his reply brief in support of the motion for summary judgment. On August 21, 2006, in a *Page 5 
detailed journal entry, the trial court granted appellee's motion for summary judgment.
 {¶ 8} In 2004, appellee made complaints to appellants about appellants' cat entering appellee's property. Appellee contacted the city of North Royalton's animal control department. On September 1, 2004, the city's animal control officer advised appellants that the city had received complaints from neighbors concerning their cat. Appellants were advised to resolve the issue, and they were put on notice that continued failure to do so would result in a citation.
 {¶ 9} On November 20, 2004, appellee captured appellants' cat in a cage on appellee's property. The cat was taken to the city, and appellants were charged with a violation of North Royalton Ordinance 618.01, the "Animal At Large" provision. The North Royalton prosecutor met with the parties. Appellee agreed with the recommendation that the criminal charge against appellants be dismissed. After the prosecutor and the parties agreed to dismiss the charges, appellants filed a civil lawsuit alleging malicious prosecution and intentional infliction of emotional distress. The trial court granted appellee's motion for summary judgment and dismissed the civil case. Appellants now appeal the lower court's granting of appellee's motion for summary judgment upon the malicious prosecution count only.
 II. *Page 6 {¶ 10} Assignment of error: "The trial court erred when it granted defendant's motion for summary judgment dismissing plaintiff Massimo DiNucci's claim for malicious prosecution."
 III. {¶ 11} This court reviews the lower court's granting of summary judgment de novo. Brown v. County Commrs. (1993), 87 Ohio App.3d 704,622 N.E.2d 1153. Lemmo v. House of Larose Cleveland, Inc., Cuyahoga App. No. 82182, 2003-Ohio-4346. Civ.R. 56(C) provides that a court must determine the following before granting summary judgment: "(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267. The party seeking summary judgment has the initial burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265. The nonmoving party has the reciprocal burden of setting forth specific facts, by the means listed in Civ.R. 56(C), showing that a genuine issue for trial exists.Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107, *Page 7 662 N.E.2d 264. The nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings." Civ.R. 56(E).
 {¶ 12} North Royalton Ordinance 618.01 clearly and unambiguously provides that:
 "(a) No person who is the owner or keeper of horses, mules, cattle, sheep, goats, swine, dogs, cats, geese or other fowl or animals shall permit them to run at large upon any public way or upon unenclosed land. (ORC 951.02).
 * * * (e) The running at large of any such animal in or upon any of the places mentioned in this section is prima-facie evidence that it is running at large in violation of this section. (ORC 951.02)."
 {¶ 13} To establish the tort of malicious prosecution, a plaintiff must prove the following elements: (1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused. Chss v.Springfield Twp. (1990), 56 Ohio St.3d 82, 564 N.E.2d 440.
 {¶ 14} In this proceeding for malicious prosecution, the lack of probable cause is the gist of the action. Melonowski v. Judy (1921), 102 Ohio St. 153, 131 N.E. 360, 19 Ohio L.Rep. 6. Probable cause does not depend on whether the claimant was guilty of the crime charged.Waller v. Foxx (Oct. 6, 1982), Hamilton App. No. 810568. Rather, the question is whether the accuser had probable cause to believe that the claimant was guilty. Id. The person instituting the criminal proceeding is not bound to have evidence sufficient to insure a conviction but is required only to have *Page 8 
evidence sufficient to justify an honest belief of the guilt of the accused. Epling v. Pacific Intermountain Exp. Co. (1977),55 Ohio App.2d 59, 62, 379 N.E.2d 239. Brown v. Crestmont Cadillac, Cuyahoga App. No. 87460, 2006-Ohio-5734.
 {¶ 15} Nothing in the evidence demonstrates a lack of probable cause or malice in instituting or continuing the prosecution. The evidence in the case at bar demonstrates that both the city and the appellee had a reasonable belief that appellants violated North Royalton Ordinance 618.01. Appellants did not deny violating the ordinance at the trial court level or in their brief. The cat was indeed found on appellee's property. As a result of a reasonable belief that the violation occurred, probable cause to investigate existed. The evidence is sufficient to justify an honest belief of the guilt of the accused. The person instituting the criminal proceeding was not bound to have evidence sufficient to insure a conviction, but was only required to have evidence sufficient to justify an honest belief of the guilt of the accused.
 {¶ 16} We find that the evidence demonstrates that no genuine issue of material fact remains, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion.
 {¶ 17} We find no error on the part of the lower court.
 {¶ 18} Accordingly, appellants' assignment of error is overruled.
 Judgment affirmed. *Page 9 
It is ordered that appellee recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., JUDGE, COLLEEN CONWAY COONEY, P. J., and CHRISTINE T. McMONAGLE, J., CONCUR *Page 1