JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant, Hakeem Sultaana, [1] appeals pro se from the trial court's decision that granted defendant-appellee, Giant Eagle's, [2] motion for summary judgment on his claims, which arose as a result of Parma police arresting him in its Parma Giant Eagle supermarket on January 19, 2005.
 {¶ 2} Sultaana raises numerous assignments of error, which contest both the trial court's decision to permit Giant Eagle leave to file a motion for summary judgment and the decision granting it. The facts will be addressed in connection with the assignment of error to which they pertain and construed as dictated by the applicable standard of review. Each assignment of error will be addressed in the order presented but together where appropriate.
 {¶ 3} "I. Trial court erred by granting appellee leave to file motion for summary judgment instanter."
 {¶ 4} In Gilchrist v. Gonsor, 2007-Ohio-3903, ¶ 50, [3] this Court reiterated the standard of review which we apply:
 {¶ 5} "`A trial court has discretion to grant leave to file a motion for summary judgment even though the action has been set for trial.' Therefore, we apply an abuse of discretion standard when reviewing a trial court's grant of a motion for leave *Page 4 
to file summary judgment. `The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'"
 {¶ 6} In this case, the court initially imposed the deadline for filing dispositive motions by January 16, 2007. The record reflects that subsequent to this order, the parties filed various discovery related motions including motions to compel, motions to reschedule depositions and motions for leave to file amended complaints. The record indicates that defendant attempted to take Sultaana's deposition on December 11, 2006 without success. Sultaana moved to reschedule his deposition due to his incarceration on unrelated matters, which the trial court granted. Giant Eagle was able to depose Sultaana in jail on February 26, 2007. On March 5, 2007, Giant Eagle requested leave to file a motion for summary judgment, which the trial court granted on May 8, 2007, over Sultaana's objection.
 {¶ 7} Giant Eagle maintained it could not file it motion for summary judgment sooner due to the difficulties it encountered when attempting to take Sultaana's deposition.
 {¶ 8} Sultaana opposed the requested leave to extend the dispositive motion deadline on his belief that the "Civil Rules" prohibited it. Sultaana also filed an amended objection whereby he again opposed the motion for leave to file for summary judgment as well as moving to strike summary judgment. During this time, *Page 5 
Sultaana had filed a motion for disqualification of the trial court judge with the Ohio Supreme Court, which stayed the proceedings pending a determination on the issue of prejudice. The trial court granted Giant Eagle's motion for summary judgment on July 25, 2007.
 {¶ 9} The above facts support the trial court's exercise of discretion in granting Giant Eagle leave to file summary judgment. Accordingly, the trial court's decision was not arbitrary, unreasonable, or unconscionable.
 {¶ 10} Assignment of Error I is overruled.
 {¶ 11} "II. Trial court abused its discretion by granting summary judgment without a hearing or notification after appellant's motion for case to be re-docket [sic] and to compel on outstanding request."
 {¶ 12} Loc. R. 11(I) provides:
 {¶ 13} "(1) a party opposing a motion for summary judgment made pursuant to Civ. R. 56 may file a brief in opposition with accompanying evidentiary materials (as permitted by Civ. R. 56(C)) within thirty (30) days of service of the motion. The movant may file a reply brief in support of the motion within 10 days of service of the brief in opposition. The movant's reply brief shall not refer to or include any additional evidentiary materials without agreement of the parties or leave of court. *Page 6 
 {¶ 14} "(2) unless otherwise ordered by the Court, motions for summary judgment shall be heard on briefs and accompanying evidentiary materials (as permitted by Civ. R. 56(C)) without oral argument."
 {¶ 15} The court granted Giant Eagle leave to submit their motion for summary judgment on May 8, 2007. Sultaana filed a brief in opposition. On July 25, 2007, the trial court granted Giant Eagle's motion for summary judgment on each of Sultaana's claims against it.
 {¶ 16} Assignment of Error II is without merit and is overruled.
 {¶ 17} "III. Trial court erred and prejudice [sic] appellant's claim of personal injury by not evaluating the evidence.
 {¶ 18} "IV. Trial court erred in ruling of maliciously prosecuted [sic].
 {¶ 19} "V. Trial court abused its discretion in determination [sic] factors of emotional distress.
 {¶ 20} "VI. Trial court erred in determinating (sic) that appellant wasn't detained."
 {¶ 21} An appellate court reviews a trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. De novo review means that this Court uses the same standard that the trial court should have used, and we examine the evidence to determine if, as a matter of law, no genuine issues *Page 7 
exist for trial. Brewer v. Cleveland City Schools (1997),122 Ohio App.3d 378, citing Dupler v. Mansfield Journal (1980),64 Ohio St.2d 116, 119-120.
 {¶ 22} Summary judgment is appropriate where it appears that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v.Willis Day Warehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66; Civ. R. 56(C).
 {¶ 23} The burden is on the movant to show that no genuine issue of material fact exists. Id. Conclusory assertions that the nonmovant has no evidence to prove its case are insufficient; the movant must specifically point to evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc., which affirmatively demonstrate that the nonmovant has no evidence to support his claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293,1996-Ohio-107; Civ. R. 56(C). Unless the nonmovant then sets forth specific facts showing there is a genuine issue of material fact for trial, summary judgment will be granted to the movant.
 A. Personal Injury and Emotional Distress *Page 8 
 {¶ 24} Sultaana generally argues that the trial court erred by granting summary judgment on his "personal injury" claim. While he argues there is evidence of injury he does not set forth any elements of his alleged claim. The allegations of the complaint and Sultaana's arguments appear to be asserting a claim for intentional infliction of emotional distress.
 {¶ 25} "A claim for intentional infliction of emotional distress required plaintiff to show that (1) defendant intended to cause emotional distress, or knew or should have known that actions taken would result in serious emotional distress; (2) defendant's conduct was extreme and outrageous; (3) defendant's action proximately caused plaintiff's psychic injury; and (4) the mental anguish plaintiff suffered was serious." Mitnaul v. Fairmount Presbyterian Church,149 Ohio App.3d 769, 2002-Ohio-5833, ¶ 62, citing Yeager v. Local Union20 (1983), 6 Ohio St.3d 369, syllabus.
 {¶ 26} "Serious emotional distress requires an emotional injury which is both severe and debilitating." Motley v. Flowers Versagi CourtReporters (Dec. 11, 1997), Cuyahoga App. No. 72069, citing Paugh v.Hanks (1983), 6 Ohio St.3d 72. To prove "severe and debilitating emotional injury," a plaintiff "must present some guarantee of genuineness in support of his or her claim, such as expert evidence, to prevent summary judgment in favor of the defendant." Id., citingKnief v. Minnich (1995), 103 Ohio App.3d 103. "In lieu of or in addition to expert testimony, a plaintiff *Page 9 
may submit the testimony of lay witnesses acquainted with the plaintiff who have observed significant changes in the emotional or habitual makeup of the plaintiff." Id., citing Uebelacker v. Cincom Systems,Inc. (1988), 48 Ohio App.3d 268.
 {¶ 27} In support of his personal injury and emotional distress allegations, Sultaana states that he suffered injury due to conduct of a security guard at Giant Eagle who accused him of shoplifting. However, Sultaana offers no evidence to support his bare allegations of serious emotional distress and therefore the claims cannot stand as a matter of law.
B. False Imprisonment and Malicious Prosecution
 {¶ 28} In Rogers v. Barbera, [4] the Ohio Supreme Court noted the distinctions between the torts of false imprisonment and malicious prosecution:
 {¶ 29} "In false imprisonment, the essence of the tort consists in depriving the plaintiff of his liberty without lawful justification; and the good intention of the defendant does not excuse, nor does his evil intention create, the tort. * * * Although malicious prosecution and false imprisonment are frequently confused, the distinction between them is fundamental. In the case of malicious prosecution, as in abuse of process, valid process justifies restraint or imprisonment, and the gist of the *Page 10 
cause of action is malice or evil intent. * * * A suit for false arrest or false imprisonment is the proper action where the aggrieved party is arrested without legal process, or under a void process; but where the process on which the arrest is made is regular on its face, but is sued out maliciously and without probable cause, the remedy is an action for malicious prosecution."
 {¶ 30} In this case, Sultaana's own testimony defeats the claim of false imprisonment. Sultaana stated he was not detained and was free to leave. The security guard's affidavit supports this fact. Sultaana maintains that he was only arrested by Parma police due to an outstanding warrant, which had nothing to do with Giant Eagle. Sultaana explained he was erroneously arrested on the scene due to a warrant that was issued without proper notification. He specifically said, "They made a mistake of arresting me at the scene." Accordingly, the false imprisonment claim against Giant Eagle fails as a matter of law.
 {¶ 31} To establish the tort of malicious prosecution, a plaintiff must prove the following elements: (1) malice in instituting or continuing the prosecution; (2) lack of probable cause; and (3) termination of the prosecution in favor of the accused. Criss v.Springfield Twp. (1990), 56 Ohio St.3d 82.
 {¶ 32} In an action for malicious prosecution, the lack of probable cause is the gist of the action. Melonowski v. Judy (1921),102 Ohio St. 153. Probable cause does not depend on whether the claimant was guilty of the crime charged. Waller v. *Page 11 Foxx (Oct. 6, 1982), Hamilton App. No. 810568. Rather, the question is whether the accuser had probable cause to believe that the claimant was guilty. Id. The person instituting the criminal proceeding is not bound to have evidence sufficient to insure a conviction but is required only to have evidence sufficient to justify an honest belief of the guilt of the accused. Epling v. Pacific Intermountain Exp. Co. (1977),55 Ohio App.2d 59, 62.
 {¶ 33} An indictment creates a rebuttable presumption of probable cause which is only overcome by the plaintiff's production of substantial evidence "to the effect that the return of the indictment resulted from perjured testimony or that the Grand Jury proceedings were otherwise significantly irregular." Deoma v. City of Shaker Heights
(1990), 68 Ohio App.3d 72, citing Epling v. Pacific, supra.
 {¶ 34} The basis of the malicious prosecution claim is the charge against Sultaana for menacing.
 {¶ 35} Menacing is defined by R.C. 2903.22 as follows:
 {¶ 36} "(A) No person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family.
 {¶ 37} "(B) Whoever violates this section is guilty of menacing. * * *"
 {¶ 38} During his deposition Sultaana explained that he was stopped by a security guard at Giant Eagle, not detained, but searched for evidence of theft. *Page 12 
Although he was free to go, Sultaana stated he wanted the police called to the scene because he did not like what had happened to him. Sultaana further stated, "After I got loud, when the dude [the security guard] said he can do what he wants to do, that's his job. I said you can't do nothing to me. I can handle myself. I will knock your head off. The officer was like, `Cool it. Cool it. Cool it before I take you to jail.'"
 {¶ 39} Sultaana was subsequently charged with a complaint for menacing, which averred that he "did cause another to believe that the offender would cause physical harm to him. To wit: when approached by the Giant Eagle loss prevention personnel, subject threatened to punch the victim's f — ing head off." Sultaana admitted that he did say that, "I did tell the dude that in front of the police officer."
 {¶ 40} This undisputed evidence precludes proof that the menacing charge was instituted by Giant Eagle and that it lacked probable cause. Summary judgment was proper on this claim as well.
 {¶ 41} Even construing the evidence in a light most favorable to Sultaana, he failed his burden to come forward with any evidence that would establish a dispute as to any genuine issue of material fact on any of his claims against Giant Eagle.
 {¶ 42} Assignments of Error III, IV, V, and VI are overruled.
 {¶ 43} "VII. Trial court prejudiced appellant's claim by not adjudicating this complaint via Superintendence Rule 39 and the Supreme Court report forms." *Page 13 
 {¶ 44} Sultaana offers no legal authority or argument in support of his contention that the Rules of Superintendence merit reversal of the court's summary judgment order.
 {¶ 45} Ohio courts have held that the Supreme Court Superintendence Rules are guidelines for judges and do not confer substantive rights upon individuals. They have been described as "purely internal housekeeping rules which are of concern to the judges of the several courts but create no rights to individual[s]. State v. Gettys (1976),49 Ohio App.2d 241, 243, * * *." Furthermore, the notes to S.Ct.Sup. R. 39 provide: "[t]he time limits imposed by this rule are for administrative purposes only." Accord, Davis v. Eachus, Pike App. No. 04CA725,2004-Ohio-5720, ¶¶ 56-57. Accordingly, noncompliance with the Rule does not provide a basis for reversing a summary judgment order.
 {¶ 46} Assignment of Error VII is overruled.
 {¶ 47} Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed. *Page 14 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., and MARY J. BOYLE, J., CONCUR.
[1] Also known as Kevin Hughley and referred to in this opinion as "Sultaana."
[2] Referred to as "Giant Eagle" or "defendant" in this opinion.
[3] Internal citations omitted.
[4] (1960), 170 Ohio St. 241, 244. *Page 1